Revised April 1, 1999

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30441
_____

JETTIE MAE LUCKETT                          Plaintiff-Appellant

vs

DELTA AIRLINES, INC.                        Defendant-Appellee

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____
March 29, 1999

Before KING, Chief Judge, STEWART, Circuit Judge, and LITTLE[1], District Judge.

F. A. LITTLE, JR., District Judge:


Jettie Mae Luckett appeals the district court's ruling that it had jurisdiction over her suit and dismissing with prejudice her suit on the basis of prescription. We affirm.


## I.   FACTUAL AND PROCEDURAL BACKGROUND

On 17 January 1996 Jettie Mae Luckett purchased a ticket from Delta Airlines to fly from Monroe, Louisiana to Chino, California. That same day, Luckett began her journey by

_____
[1]District Judge of the Western District of Louisiana, sitting by designation.

checking a suitcase that contained, among other items, her prescription heart medication. Luckett's luggage was lost in transit and was unavailable to her when she arrived in Chino. According to appellant's complaint, she completed a lost luggage claim form and proceeded to her final destination without her heart medication.

Two days later, the airline had not located Luckett's luggage. The connecting carrier issued her a check in the amount of $123.77 for the purchase of necessities.[2] On 20 January 1996, Luckett became ill and was transported to Chino Valley Hospital where she was diagnosed as suffering from congestive heart failure, pulmonary edema, and respiratory distress.[3] Luckett remained hospitalized until 25 January 1996 and was unconscious a portion of this time. At the time of Luckett's discharge from the hospital, her physicians informed her that the lapse in medication contributed to her heart failure.

On 13 January 1997, Luckett filed suit in the Fourth Judicial District Court, Ouachita Parish, Louisiana.

---

[2] Skywest Airlines, the airline on Luckett's journey from Los Angeles to Chino, issued the check.

[3] There is discrepancy in the record about whether Luckett retrieved her luggage before she became ill. In her original petition, she claimed that she picked up her luggage before she became ill. In her opposition to defendant's motion for summary judgment and her appellate brief, Luckett states that she became ill before recovering her luggage. The timing of the retrieval of the luggage is irrelevant, and either version of facts would lead this court to the same decision.

Appellant alleged that Delta Airlines lost her heart medication and, therefore, caused her subsequent heart failure. Luckett repeatedly has emphasized that she is suing in tort, not contract, pursuant to Louisiana Civil Code article 2315.[4] She did not serve appellee Delta Airlines until 21 January 1997. On 18 February 1997, Delta Airlines filed a declinatory exception of improper venue.[5] The following day appellee removed the action to the United States District Court for the Western District of Louisiana and on 17 November 1997 moved for summary judgment on the basis that appellant's action had prescribed. After finding that it had jurisdiction, the district judge dismissed Luckett's suit with prejudice based upon prescription.[6]

## II. ANALYSIS

### A. The District Court Had Subject Matter Jurisdiction

Appellant argues that the district court did not have jurisdiction to decide the merits of the case. District

---

[4] See Joint Status Report, Plaintiff's Motion to Remand, and Plaintiff's Appellate Brief, p. 19.

[5] In state court, appellee filed its exception of improper venue prior to filing any other motions and thus, preserved the exception under Louisiana law. See Phillips v. Patterson Insurance Co., 704 So.2d 246 (La. 1998).

[6] On 10 July 1997 Delta Airlines first moved for summary judgment based upon prescription. In her memorandum in opposition, Luckett argued that the district court did not have jurisdiction. In a 15 August 1997 memorandum ruling, the district judge ordered plaintiff to file a motion to remand if she felt that the court lacked jurisdiction. Appellant did so, and on 16 October 1997 the motion to remand was denied. On 17 November 1997 appellee Delta Airlines reurged its motion for summary judgment.

courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties. 28 U.S.C. § 1332 (1994). The domicile of neither the appellant nor the appellee is disputed. Luckett is domiciled in Louisiana while Delta Airlines is incorporated in Delaware with its principal place of business in Georgia. The sole jurisdictional issue is whether the district court erred in deciding that the amount in controversy exceeded $75,000.

Several Fifth Circuit decisions have established a clear analytical framework for resolving disputes concerning the amount in controversy. Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim. La. Code Civ. P. art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite

amount." <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995)(emphasis in original).

Reading the face of the complaint, the district court did not err in finding that Luckett's claims exceeded $75,000. A de novo standard of review applies when the district court denies a motion to remand. <u>Allen</u>, 63 F.3d at 1336. In the complaint, based on a tort theory of recovery, appellant alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization. Therefore, the district court had jurisdiction to decide the merits of the case.

**B. <u>The Granting of Summary Judgment</u>**

**1. Prescription in General**

The standard of review of the granting of summary judgment is de novo. <u>Webb v. Cardiothoracic Surgery Associates</u>, 139 F.3d 532, 536 (5th Cir. 1998). In Louisiana, delictual actions, or actions in tort, are subject to a liberative prescription of one-year commencing the day injury or damage is sustained. La. Civ. Code art. 3492. The filing of an action in a court of competent jurisdiction and proper venue within the one year prescriptive period interrupts prescription for as long as the action is pending. La. Civ.

Code art. 3463. When a plaintiff files suit in an incompetent court or in an improper venue, a different rule applies. In order to interrupt prescription, the plaintiff must serve the defendant before the accrual of the prescriptive period. La. Civ. Code art. 3462, 3463 and cmt. (c) to art. 3463; Washington v. Breaux, 782 F.2d 553 (5th Cir. 1986); Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (La. 1972); Hazel v. Allstate Insurance Co., 240 So.2d 431 (La. App. 3rd Cir. 1970).

## 2. Appellant Filed Suit in an Improper Venue

In its motion for summary judgment, appellee argued that Luckett filed her action in an improper venue and failed to serve appellee until after the cause of action had prescribed. The proper venue for an action against a foreign corporation is the parish where its principal business establishment in the state is located, as designated in its application to do business in Louisiana.[7] La. Code Civ. P. art. 42(4). Ouachita Parish is not the situs of Delta Airlines' principal business establishment. As designated in its certificate of corporate information filed as required by law with the Louisiana Secretary of State, the principal business

___

[7] The other possible venue for a delictual action is the parish where the wrongful conduct occurred or where the damages were sustained. La. Code Civ. P. art. 74. In this case, both would be in California, and therefore, Louisiana Code of Civil Procedure article 74 is not applicable in this instance.

6

establishment of Delta Airlines is Jefferson Parish, Louisiana.  Therefore, venue was not proper in Ouachita Parish where Luckett filed suit.

**3. The Prescriptive Period for Appellant's Cause of Action Commenced on 20 January 1996**

The fact that a plaintiff files suit in an improper venue is significant only if service of process is made after the one-year prescriptive period.  To determine if Luckett served Delta Airlines outside the one-year prescriptive period, we must decide when the period commenced.  Prescription does not begin to accrue until injury or damage is sustained.  La. Civ. Code art. 3492; see Rayne State Bank & Trust Co. v. National Union Fire Insurance Co., 483 So.2d 987 (La. 1986).  At the time the prescriptive period commences, a plaintiff must be able to state a cause of action.  Id. at 995.  Notice of a wrongful act alone will not suffice to commence the prescriptive period;  in order for the plaintiff to state a cause of action, damages must also result.  Damages must be actual and appreciable and not merely speculative.  Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 352 (La. 1992). Louisiana law does not require, however, that the quantum of damages be certain.  Id.

Appellant argues that the prescriptive period did not commence until 25 January 1996 when Luckett's physician first

explained the reasons for her hospitalization.[8] The prescriptive period begins when a potential plaintiff discovers or should have discovered the delict, the damage, and the relationship between the two. New York Life Insurance Co. v. Deshotel, 142 F.3d 873, 879 (5th Cir. 1998). Constructive knowledge is "more than apprehension that something might be wrong but less than actual knowledge." The Kendall Co. v. Southern Medical Supplies, 913 F.Supp. 483, 488 (E.D. La. 1996). Thus, the prescriptive period commenced when Luckett knew or should have known of the wrongful act, her damages, and their connection.

Luckett argues that she did not know the relationship between her damages and the wrongful act until the conversation with her physician when she was discharged. This is not the law. On 20 January 1996 when Luckett began to feel sick and went to the hospital, she knew that the airline had misplaced her luggage and that she had not taken her medication for several days. At that point she was aware that her heart problems were caused by her failure to take the medication. She had more than an apprehension that her

---

[8] Because Luckett's attorney argued in a memorandum before the district court that the action prescribed on 17 January 1997, there may be an argument that there was a judicial admission. See Plaintiff's Reason's Why Sanctions Could Be Stayed in These Proceedings, p. 1. Appellees argue that prescription commenced on 17 January 1996 when Luckett first became aware that her luggage was lost. The commencement of prescription requires a wrongful act and damage. While 17 January is the date of Delta's allegedly wrongful act, it is not the day that damage complained of by the appellant was sustained. Therefore, we choose to view the facts most favorably to the appellants.

8

declining physical condition was connected to her inability to take the prescribed medicine. But for the loss of the luggage, the damage would not have occurred.

The commencement of prescription does not necessarily wait for the pronouncement of a victim's physician or of an expert. See Hunter v. Sisters of Charity of the Incarnate Word, 236 So.2d 565, 568 (La. App. 1st Cir. 1970)(holding that prescription commenced on plaintiff's medical malpractice claim when she fell out of her hospital bed, not when a chiropractor told her that the fall caused her pain). In other words, the prescriptive period commences when there is enough notice to call for an inquiry about a claim, not when an inquiry reveals the facts or evidence that specifically outline the claim. See Terrel v. Perkins, 704 So.2d 35, 39 (La. App. 1st Cir. 1997). To decide otherwise would be to say that a plaintiff must know the cause of her damage, taking away the constructive knowledge component of the rule. The prescriptive period of this action commenced on 20 January 1996 when Luckett first sustained the complained of damages

resulting from the loss of her heart medication.[9]  See La.
Civ. Code art. 3492.

### III.  CONCLUSION

Because the one-year prescriptive period for Luckett's tort action commenced on 20 January 1996, her claim prescribed 20 January 1997.  The filing of the suit did not interrupt prescription, because Luckett filed in an improper venue and did not serve Delta Airlines until 21 January 1997. Therefore, the district court did not err in granting appellee's motion for summary judgment.  WE AFFIRM.

---

[9] Appellants argue that the check Skywest Airlines gave Luckett on 19 January 1996 interrupted prescription because the check acknowledged the debt.  Without deciding whether the check did in fact operate as an acknowledgment by Delta Airlines, we note that even if it did, this action still is prescribed.  The alleged acknowledgment occurred on 19 January 1996, but Luckett did not serve defendant until 21 January 1997.