**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-31188

_____

DIXIE LEE SIMON and
ELWIN SIMON,                                      Plaintiffs-Appellees,

versus

WAL-MART STORES, INC.,                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Louisiana

_____

**October 20, 1999**

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges:

WIENER, Circuit Judge:

In this diversity case arising from a purse-snatching incident in the parking lot of a Wal-Mart Store in Denham Springs, Louisiana, Defendant-Appellant Wal-Mart Stores, Inc. ("Wal-Mart") appeals the jury verdict finding it liable to Plaintiff-Appellee Dixie Lee Simon ("Simon") for $30,000 as compensation for injuries she sustained in an attack by an unidentified third-party criminal perpetrator.[1]  We do not reach the merits of the appeal, however, because we hold that the district court lacked subject matter jurisdiction over the action and, accordingly, we vacate that court's judgment and remand this case with instructions to remand to the state court in which it originated.

---

[1] The jury awarded no damages to Simon's husband, Plaintiff-Appellee Elwin Simon ("Elwin") on his claim for loss of consortium.

**1**

Facts and Proceedings

Dixie Lee and Elwin Simon (collectively, the "Simons") originally filed this action in state court. They alleged that while Simon was walking through the Wal-Mart parking lot, a car drove past her, and "her purse, wrapped around her arm, was suddenly and unexpectedly grabbed . . . causing [her] to be dragged by the car the distance of several parking spaces to the front of the Wal-Mart Store before being released." In accordance with Louisiana law, they did not plead a monetary amount of damages[2] but asserted that Simon "suffered bodily injuries and damages including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions and other injuries to be shown more fully at trial, and has incurred or will incur medical expenses." Elwin also sought "reasonable" damages for loss of consortium.

Wal-Mart removed the action to federal district court on the basis of diversity:[3] The Simons are residents of Louisiana, and Wal-Mart is a Delaware corporation with its principal place of business in Arkansas. As to the jurisdictional amount, Wal-Mart

_____

[2] La. Code Civ. Proc. art. 893 provides:
No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. . . . If a specific amount of damages is necessary to establish the jurisdiction of the court . . . [or] the lack of jurisdiction of federal courts due to insufficiency of damages, a general allegation that the claim exceeds or is less than the requisite amount is sufficient.

[3] 28 U.S.C. § 1332 (1994).

merely alleged that "the matter in controversy herein exceeds the sum of $75,000, exclusive of interests and costs." Neither the district court nor either party ever questioned the court's jurisdiction, and the only other mention of the issue was in the parties' Uniform Pretrial Order, which stated: "Plaintiff's injuries, if casually related, could well exceed the $75,000 threshold amount."

## II.

### Analysis

The Simons never objected to removal or challenged jurisdiction, but a party may neither consent to nor waive federal subject matter jurisdiction. Federal courts may examine the basis of jurisdiction sua sponte, even on appeal.[4]

We have recently articulated, in Luckett v. Delta Airlines, Inc.,[5] a clear analytical framework for evaluating jurisdiction for cases filed in Louisiana state courts, with no monetary amount of damages asserted, when they are removed to federal court on the basis of diversity:

In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely

---

[4] Copling v. Container Store, Inc., 174 F.3d 590, 594 (5th Cir. 1999); Jones v. Collins, 132 F.3d 1048, 1051 (5th Cir. 1998).

[5] 171 F.3d 295 (5th Cir. 1999).

**3**

above $75,000, or (2) "by setting forth facts in controversy —— preferably in the removal petition, but sometimes by affidavit —— that support a finding of the requisite amount."[6]

Here, Wal-Mart neither filed an affidavit with its Notice of Removal nor set forth any facts in controversy in that Notice; it merely alleged in a conclusional manner that the amount in controversy exceeded the jurisdictional amount.[7] Accordingly, removal was proper only if the jurisdictional amount was "facially apparent" from the complaint.

We find the instant case distinguishable from Luckett, in which we concluded that the jurisdictional amount of damages was apparent on the face of the complaint. Luckett involved a tort action brought by a plaintiff whose luggage, containing her heart medication, was lost by the defendant airline. Luckett became severely ill after not taking the medication and specifically alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework following her hospitalization. In contrast, the instant complaint alleged, with little specificity, damages from less severe physical injuries ——

---

[6] Id. at 298 (citations omitted).

[7] "Removal, however, cannot be based simply upon conclusory [sic] allegations." Allen v. R & H Oil and Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); see also Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A., 988 F.2d 559, 565-66 (5th Cir. 1993) (holding that conclusional statement in notice of removal was insufficient to support jurisdiction).

**4**

an injured shoulder, bruises, and abrasions — and unidentified medical expenses for Simon, plus loss of consortium for Elwin. It did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability, which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction. On the basis of the Simons' allegations, we must conclude that it was not "facially apparent" that the amount of damages would exceed $75,000.

During oral argument, Wal-Mart suggested that the inquiry for an appellate court deciding whether the jurisdictional amount is "facially apparent" from the complaint is analogous to the inquiry for deciding whether the damages awarded by a jury are adequate. Wal-Mart cited the Louisiana Supreme Court decision in Youn v. Maritime Overseas Corp.[8] Youn does not establish a general rule; it merely provides that a Louisiana appellate court must consider the reasonableness of the jury's damages award in light of the particular circumstances and the particular plaintiff.[9] Accordingly, Wal-Mart suggests by analogy that if we find, on consideration of the entire record, that a reasonable jury could have awarded $75,000 to the Simons, then removal must be deemed

---

[8] 623 So.2d 1257 (La. 1993).

[9] Id. at 1260. To the extent that Youn describes state appellate procedure, we are not Erie bound to apply it in federal court; nevertheless, we may consider it as persuasive authority to inform our judgment.

proper. The flaw in this suggestion is that what is "reasonable" or "possible" under a particular set of facts fully developed at trial is not analogous to what is "facially apparent" from allegations in a complaint. And, under <u>Luckett</u>, we must evaluate the facts supporting jurisdiction as of the time of removal and therefore may not consider the entire post-removal record: We cannot under <u>Luckett</u> consider evidence adduced at trial or allegations of damages described in the parties' appellate briefs, available only now from the vantage point of appellate review.[10]

Within the <u>Luckett</u> framework, Wal-Mart was faced with a complaint that described damages inadequately to support removal, i.e., with substantially less specificity than the description of damages in the complaint in <u>Luckett</u>.[11] Wal-Mart therefore had an affirmative burden to produce information, through factual allegations or an affidavit, sufficient to show "by a preponderance of the evidence that the amount in controversy exceed[ed] $75,000."[12] The Simons' failure to object to removal or jurisdiction — at oral argument their counsel asserted that they believed the case was worth much more than $75,000 and thus had no

---

[10] <u>Allen</u>, 63 F.3d at 1335 (noting that "jurisdictional facts" to support removal must be judged at the time of removal, and any post-petition affidavits are allowable only if relevant to that period of time); <u>see also</u> <u>ANPAC</u>, 988 F.2d at 565.

[11] <u>See also</u> <u>Allen</u>, 63 F.3d at 1336 ("applying common sense" and concluding that total claim for punitive damages more likely than not would exceed $50,000, as it involved three companies, 512 plaintiffs, and wide variety of harm from wanton and reckless conduct).

[12] <u>Luckett</u>, 171 F.3d at 298.

**6**

basis to object —— does not relieve Wal-Mart of its burden to support federal jurisdiction at the time of removal.

## III.

## Conclusion

On its face, the Simons' complaint does not support diversity jurisdiction, and Wal-Mart did not allege or aver additional facts in support of federal jurisdiction. Therefore, the district court lacked subject matter jurisdiction. Accordingly, we are left with no choice but to (1) vacate the judgment of the district court, (2) remand this action to that court with instructions for it to remand to the state court from which the action was removed, and (3) dismiss this appeal.

JUDGMENT VACATED; ACTION REMANDED to the district court with instructions to remand to state court; APPEAL DISMISSED.