**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 00-30386
Summary Calendar

CATHERINE GEBBIA,

Plaintiff-Appellant,

VERSUS

WAL-MART STORES, INC.; UNIDENTIFIED PARTY,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana

December 4, 2000

Before JOLLY, STEWART, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Plaintiff-Appellant Catherine Gebbia ("Plaintiff") appeals the district court's denial of her motion to remand. Because we find no error regarding the denial of her motion, we affirm.

## BACKGROUND

Plaintiff brought this action on September 23, 1998, in the Twenty-First Judicial District Court of Louisiana, alleging claims arising from her injuries suffered in one of Defendant-Appellee Wal-Mart Stores, Inc.'s ("Defendant") stores in Hammond, Louisiana, on October 5, 1997. Plaintiff suffered her injuries when she went

into the produce section of the store and slipped and fell in liquid, dirt, and produce on the floor. Plaintiff alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. Pet. for Damages at 2, reprinted in R. Excerpts Ex. 2 at 2. Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. Id. at 4. Consistent with Article 893 of the Louisiana Code of Civil Procedure, which prohibits the allegation of a specific amount of damages, Plaintiff did not pray for a specific amount of damages.

Defendant removed this action to the district court on October 13, 1998, pursuant to diversity jurisdiction as provided by 28 U.S.C. § 1332. It is undisputed that the parties are completely diverse, as Plaintiff is a citizen of Louisiana and Defendant is a citizen of Delaware with its principle place of business in Arkansas. Defendant stated in its Notice of Removal that the $75,000 amount in controversy requirement was satisfied because Plaintiff's alleged injuries and damages, exclusive of interests and costs, exceeded that amount.

The district court scheduled this action for trial on March 20, 2000, and the parties proceeded with pre-trial discovery until March 2, 2000, when Plaintiff questioned the court's diversity jurisdiction by filing a motion to remand arguing that the $75,000

amount in controversy requirement was not satisfied. In the motion, accompanied by Plaintiff's affidavit, Plaintiff argued that due to continuing medical treatment of her injuries, Plaintiff was unable to confirm the amount of damages claimed. Plaintiff added that only after conducting discovery and receiving information from her treating physicians was she able to ascertain that the amount of claimed damages would be less than $75,000. In light of such information, Plaintiff argued that the amount in controversy was less than $75,000, and that the district court should remand this action for lack of subject-matter jurisdiction.

The district court denied the motion to remand on March 14, 2000, finding that the court had subject-matter jurisdiction because Plaintiff's petition at the time of removal alleged injuries that exceeded the $75,000 requirement. In the Revised Joint Pretrial Order filed on March 16, 2000, Plaintiff again disputed the court's jurisdiction because Plaintiff stipulated, based on medical evidence, that her claims did not amount to $75,000. Plaintiff then filed a motion to reconsider the district court's denial of her motion to remand in light of the stipulation, and re-urged the district court to remand for lack of subject-matter jurisdiction. On March 16, 2000, the district court denied Plaintiff's motion for reconsideration, restating its finding that because Plaintiff's claims at the time of removal alleged claims in excess of $75,000, the court was not inclined to reconsider its previous denial of the motion to remand.

Thereafter, this action was tried on March 20, and a jury found for Defendant on Plaintiff's claims. On March 22, the district court entered a judgment in favor of Defendant and dismissing Plaintiff's claims with prejudice. Plaintiff timely appealed the judgment, and now argues that the district court erred in denying her motion to remand.

## ANALYSIS

We review a denial of a motion to remand *de novo*. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. Id. § 1332(a)(1). As noted above, Plaintiff is a citizen of Louisiana, and Defendant is a citizen of Delaware with its principle place of business in Arkansas, thus, the only issue on this appeal is whether the district court erred in deciding that the amount in controversy exceeded the sum or value of $75,000, exclusive of interests and costs.

We have established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). Luckett, 171 F.3d at 298. Because plaintiffs in Louisiana state courts, by law,

may not specify the numerical value of claimed damages, 3 LA. CODE CIV. P. art. 893[1] (West Supp. 2000), the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Id. The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. Id. (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.), reh'g denied, 70 F.3d 26 (5th Cir. 1995)); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999).

Moreover, once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938); see also Allen, 63 F.3d at 1336 (holding that once removal jurisdiction attached, a subsequent amendment of the complaint reducing the amount in controversy to less than the required amount cannot divest jurisdiction); 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.41[2][c] (3d ed. 1999); 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3725 at 115 (3d ed. 1998). The jurisdictional facts that support removal must

---

[1] This article provides in relevant part:

No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises.

be judged at the time of the removal. Id. at 1335. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993), cert. denied, 510 U.S. 1041 (1994), abrogated on other grounds, Marathon Oil Co. v. A.G. Ruhrgas, 145 F.3d 211 (5th Cir. 1998). Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. St. Paul Mercury Indem., 303 U.S. at 292; ANPAC, 988 F.2d at 565; Allen, 63 F.3d at 1336; see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1407 (5th Cir. 1995).

In this action, the district court properly denied Plaintiff's motion to remand. It is "facially apparent" from Plaintiff's original petition that the claimed damages exceeded $75,000. In Luckett, we held that the district court did not err in finding that the plaintiff's claims exceeded $75,000 because the plaintif alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework after hospitalization. Luckett, 171 F.3d at 298. In Simon, we held, in distinguishing Luckett, that the district court erred in not

remanding the action to the state court because the plaintiff's claims merely alleged less severe injuries and did not allege any injuries that would have supported a substantially larger monetary basis for federal jurisdiction than the injuries alleged in Luckett. Simon, 193 F.3d at 851. In this action, Plaintiff alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. Such allegations support a substantially larger monetary basis to confer removal jurisdiction than the allegations reviewed in Simon, and therefore the district court did not err in denying Plaintiff's motion to remand. Because it was facially apparent that Plaintiff's claimed damages exceeded $75,000, the district court properly disregarded Plaintiff's post-removal affidavit and stipulation for damages less than $75,000, and such affidavit and stipulation did not divest the district court's jurisdiction. St Paul Indem., 303 U.S. at 390; Allen, 63 F.3d at 1336.

AFFIRMED.