Paula D. LANDRY Plaintiff,

v.

**CROSS COUNTRY BANK Defendant.**

No. CIV.A.G–03–456.

United States District Court, S.D. Texas, Galveston Division.

Sept. 16, 2003.

Victor Tecumseh Linck, Attorney at Law, Sugar Land, TX, for Plaintiff.

Jason Scott Varnado, Weil Gotshal et al., Houston, TX, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

KENT, District Judge.

On or about January 14, 2002, Plaintiff applied for and received from Defendant an unsecured $350 line of credit. This line of credit, and Cross Country's attempts to collect unpaid balances associated with it, have become the subject matter of this action. Plaintiff, a Texas resident, brought this action against Cross Country Bank in the 239th District Court of Brazoria County, Texas.

In her First Amended Original Petition, the live pleading in this case, Plaintiff alleges unreasonable debt collection efforts, violations of provisions of the Texas Debt Collection Practices Act, Tex. Fin.Code Ann. §§ 392.301–04 (Vernon 1998), and violations of the National Bank Act. See, 12 U.S.C. § 85. Defendant filed a counterclaim seeking repayment of the underlying debt, and on June 26, 2003, Defendant removed the action to this Court pursuant to 28. U.S.C. § 1441(b) based on the presentation of a federal question. See 28 U.S.C. § 1331. On July 14, 2003, Cross Country filed its Supplemental Notice of Removal, asserting that the case was also properly before this Court based on diversity of citizenship. See 28 U.S.C. § 1332. On July 23, 2003, Plaintiff moved to remand the case to state court, alleging that Cross Country waived its right to remove or, in the alternative, that its removal was untimely. For the reasons articulated below, Plaintiff's Motion to Remand is respectfully **DENIED**.

### I.

Generally, a defendant may remove an action from state to federal court if the action lies within the federal district court's original jurisdiction. See 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over actions where there is either diversity of citizenship or the presentation of a federal question. See 28 U.S.C. §§ 1331–32. For a case to arise under the federal court's diversity jurisdiction, there must be complete diversity of the parties, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332. Federal question jurisdiction requires that the action arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Unless the right to remove has been waived, a defendant may file a notice of removal within 30 days of receipt of the initial pleading. See 28 U.S.C. § 1446(b). However, in the event that a case is not removable at its inception, but later becomes so, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

### II.

This case, as pleaded in Plaintiff's Original Petition, was not removable on the day it was filed. Since Plaintiff is a Texas resident and Defendant is a Delaware corporation, the parties are diverse. However, the amount in controversy requirement of 28 U.S.C. § 1332 was not met since Plaintiff's Original Petition alleged damages aggregating to less than $50,000. Given this level of damages, the case did not originally fall under the diversity jurisdiction of this Court.

■ Plaintiff's Original Petition also provided no basis for federal question jurisdiction. The well-pleaded complaint rule governs the determination of the existence of a federal question. See Caterpil-

*lar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). If the complaint, on its face, contains no issue of federal law, there is no federal question jurisdiction. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Plaintiff's Original Petition alleged three causes of action: unreasonable debt collection, violations of the Texas Debt Collection Practices Act, and usury, under Texas law. *See* Tex. Fin.Code Ann. §§ 392.301–04 (Vernon 1998); *see also,* Tex. Fin.Code Ann. §§ 349.001–2 (Vernon 1998). The first two claims are clearly creatures of state law, and as such, do not provide this Court with federal question jurisdiction.

 The status of the usury claims as arising under either state or federal law has been debated between the parties, and its consideration warrants additional analysis. As of November 1, 2002, the filing date of Plaintiff's Original Petition, the nature of usury claims under federal law was unclear. In *Krispin v. May Dep't. Stores Co.,* 218 F.3d 919 (8th Cir.2000), the Eighth Circuit held that under the doctrine of "complete preemption," claims of usury against national banks present a federal question, even when the complaint appears to arise under state law. *Id.* at 922. The doctrine of complete preemption is a narrow exception to the well-pleaded complaint rule, and has been developed by the Supreme Court to be applied in a very limited number of circumstances. *See Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 367 n. 2 (5th Cir.1995) (noting that the doctrine has only been applied in the area of federal labor relations and the Employee Retirement Income Security Act of 1974). Where complete preemption applies, the Supreme Court "has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim

for purposes of the well-pleaded complaint rule.'" *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430 (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–4, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987)). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at 2430. Under this doctrine, the *Krispin* court decided that §§ 85 and 86 of the National Banking Act, which provide a remedy against banks who charge interest rates in excess of those allowed in the state where the bank is located, completely preempt any state common-law claims of usury filed against national banks. *See Krispin* 218 F.3d at 922–23; *see also* 12 U.S.C. §§ 85, 86.

In direct opposition to the Eighth Circuit, the Eleventh Circuit more recently held that state usury law was not completely preempted by the National Banking Act, since there was no clear congressional intent to preempt the field justifying the exception to the well-pleaded complaint rule. *See Anderson v. H & R Block, Inc.,* 287 F.3d 1038, 1044 (11th Cir. 2002). The Eleventh Circuit noted that "the Supreme Court has expanded the doctrine only 'hesitatingly' when there was a clear showing of congressional intent to permit removal." *Id.* at 1048. In refusing to expand the doctrine to the National Banking Act, the Court expressed concern that an expansion of the complete preemption doctrine would take away the long-recognized power of the Plaintiff to be a master of his complaint, and disallow him from maintaining his action in state court by confining his claims to state law. *Id.* As of November 1, 2002, the Fifth Circuit had not ruled on this particular issue, but had implemented a three-part test to determine when complete preemption applies to a federal statute: (1) the inclusion of a

civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) the inclusion of a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) the extent to which there is a clear congressional intent that claims brought under the federal law be removable. *See Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir.2000). In discussing this test and its application, district courts within this Circuit have indicated a strong disfavor for expanding the complete preemption doctrine, noting that it is more limited in the Fifth Circuit than in the Eighth. *See Waste Control Specialists, LLC v. Envirocare, Inc.*, 199 F.3d 781, 784 (5th Cir.2000) *opinion withdrawn and superceded in part on reh'g on other grounds*, 207 F.3d 225 (5th Cir.2000); *Heimann v. Nat'l Elevator Industry Pension Fund*, 187 F.3d 493, 500 (5th Cir. 1999); *Rogers v. Am. Airlines, Inc.*, 192 F.Supp.2d 661, 668–9 (N.D.Tex.2001). Given the state of the law in this area in general, and in the Fifth Circuit in particular, this Court finds that Plaintiff's Original Petition was not initially removable.

### III.

On June 2, 2003, the United States Supreme Court decided *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). That case clarified the preemptive power of §§ 85 and 86 of the National Banking Act, ruling that they do completely preempt state law claims of usury against national banks. *Id.* at 2064. Despite Plaintiff's contentions that this decision merely clarified what had previously been the law, it is clear from the state of the law before the decision and the Court's own language that the opinion broadened what had been a very limited

doctrine. *Id.* at 2059. Given this clear statement of new law, the case as pleaded in Plaintiff's Original Petition became removable under federal question jurisdiction on June 2, 2003. Pursuant to 28 U.S.C. 1446(b), Defendant had 30 days from June 2, 2003 to remove this case. Since Defendant removed on June 26, 2003, removal was timely.[1]

■ Currently, this case is also properly here under the Court's diversity jurisdiction, as noted in Defendant's Supplemental Notice of Removal, filed on July 14, 2003. In Plaintiff's responses to Requests for Admission, which were received by Defendant on June 10, 2003, Plaintiff for the first time stated that the amount in controversy exceeds $75,000. Since Plaintiff and Defendant are of diverse citizenship and the amount in controversy now exceeds the requisite $75,000, the case became removable on diversity grounds on June 10, 2003.

### IV.

Despite Defendant's timely removal, remand would be appropriate if Defendant waived the right to remove before filing its Notice of Removal. *See Beighley v. Fed. Deposit Ins. Corp.*, 868 F.2d 776, 782 (5th Cir.1989). Plaintiff alleges that Defendant did so by filing a counterclaim and Motion to Compel Arbitration in state court before removing the case to this Court. Plaintiff's argument in this regard fails since Defendant's counterclaim was compulsory, and the filing of a compulsory counterclaim is not sufficient to waive removal. The Motion to Compel Arbitration was filed before the case was removable and cannot be a waiver of the right to remove.

---

1. Without the decision in *Beneficial*, this case would have nevertheless become removable on June 6, 2003, when Plaintiff filed her First Amended Original Petition, affirmatively alleging violations of §§ 85 and 86 of the National Bank Act, and Defendant's June 26, 2003 removal would have been timely.

A defendant may waive his right to removal by taking substantial action in state court before filing a notice of removal. *See* 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3721 (3d ed.1998). However, a defendant's waiver must be "clear and unequivocal," and "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Beighley*, 868 F.2d at 782. Since the concept of waiver is meant to discourage defendants from using removal as an insurance policy to protect against unfavorable outcomes in state court, "filing an answer, making preliminary motions, and the like does not waive the right of removal". *Hingst v. Providian Nat'l Bank*, 124 F.Supp.2d 449, 452 (S.D.Tex.2000); *see Custom Blending Int'l, Inc. v. E.I. DuPont De Nemours and Co.*, 958 F.Supp. 288, 289 (S.D.Tex.1997).

Plaintiff claims that filing a counterclaim in state court waives Defendant's right to remove the case. Although Plaintiff cites a large group of cases, none of them are helpful to the Court in this case, since she fails to make the critical distinction between compulsory and permissive counterclaims. Under Texas law, a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Tex.R. Civ. P. 97. Plaintiff's claims of usury and violations of the National Bank Act clearly arise out of the same transaction as Defendant's underlying debt collection claim, and the same parties are required for both actions. This reasoning leads this Court to the same conclusion as other courts deciding this question in determining that Defendant's claim was indeed compulsory. *See Williams v. National Mortgage Company*, 903 S.W.2d 398, 403 (Tex.App.-Dallas 1995, writ de-

nied); *Lamar Savings Ass'n v. White*, 731 S.W.2d 715, 717–18 (Tex.App.-Houston [1st Dist.] 1987, no writ). Although filing a permissive counterclaim may waive defendant's right to removal, it is clear that in this jurisdiction, as well as others, the filing of a **compulsory** counterclaim does not. *See Parkhill Produce Co. v. Pecos Valley S. Ry. Co.*, 196 F.Supp. 404, 406 (S.D.Tex.1961); *Harris v. Brooklyn Dressing Corp.*, 560 F.Supp. 940, 942 (S.D.N.Y. 1983).

Since Defendant's Motion to Compel Arbitration was filed on January 24, 2003, before this case was removable, it cannot serve as a clear and unequivocal indication that the Defendant intended to waive its right to removal. *See* 14C Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed.1998). Without such indication, the Defendant did not waive its right to remove.

## V.

For the reasons articulated above, this Court finds that Defendant's removal was timely and appropriate and hereby respectfully **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**