**Mary CARMARDELLI, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. EP–07–CV–446–PRM.**

United States District Court, W.D. Texas, El Paso Division.

March 19, 2008.

Ray Vasquez Gutierrez, Law Office of Ray Gutierrez, El Paso, TX, for Plaintiff.

Laura M. Enriquez, Arthur Robert Piacenti, Lucky, Enriquez, Piacenti & Smigiel, El Paso, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING REMOVAL TO FEDERAL COURT

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant Wal–Mart Stores, Inc.'s ("Defendant")[1] "Response to the Court's Order to Show Cause," filed on January 22, 2008; Plaintiff Mary Camardelli's ("Plaintiff") "Reply to Defendant's Response to the Court's Order to Show Cause," filed on February 1, 2008; and Defendant's "Supplemental Response to the Court's Order to Show Cause," filed on February 12, 2008, in the above-captioned cause.[2] For the reasons set forth below, the Court finds Defendant's responses demonstrate that the cause was properly removed.

**1.** In its Notice of Removal, Defendant alleges "Wal–Mart Stores, Inc." is incorrectly named as the defendant. Def.'s Not. of Removal ¶ 1. They assert Wal–Mart Stores Texas, L.P. is the proper defendant. *Id.*

**2.** The parties filed these pleadings in response to the Court's "Order to Show Cause," filed on December 26, 2007, requiring Defendant to show cause why the case should not be

## I. BACKGROUND

On April 25, 2007, Plaintiff filed an Original Petition in the 205th Judicial District Court of El Paso County, Texas, alleging that she was injured when she slipped and fell on Defendant's premises. Def.'s Resp. Ex. A. The Original Petition does not identify a specific amount of damages, but indicates that Plaintiff seeks "an award . . . within the jurisdictional limits of this Court." Pl.'s Org. Pet. ¶ 21. Defendant was served with a copy of Plaintiff's Original Petition on May 3, 2007. Pl.'s Reply ¶ 5. Thereafter, Defendant served Plaintiff with a request for admission,[3] the response to which was received by counsel for Defendant on November 20, 2007.[4] Def.'s Resp. Ex. B. Defendant filed its Notice of Removal on December 20, 2007, in the United States District Court for the Western District of Texas. Def.'s Not. of Removal. ¶ 1.

## II. LEGAL STANDARD

A party may remove an action to federal court if the action is one over which the federal court has subject matter jurisdiction. 28 U.S.C. § 1441(a). The jurisdiction of federal courts is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). "[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* The removing party must establish "that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.

remanded to state court as improvidently removed to federal court.

**3.** The request reads: "Admit that the damages claimed by Plaintiff in this controversy do not exceed $75,000.00, exclusive of interest and costs." Def.'s Resp. Ex. B.

**4.** The response reads: "RESPONSE: Deny." Def.'s Resp. Ex B (emphasis in original).

2002). Any doubts as to the propriety of removal should be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000).

District courts have original jurisdiction over actions which satisfy the requirements for diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires (1) a complete diversity of citizenship among the parties, and (2) an amount in controversy in excess of $75,000. *Id.* at § 1332(a). The parties do not dispute that the instant action satisfies the diversity requirements. Rather, the issue is whether Defendant initiated removal proceedings within the thirty day removal period set forth in 28 U.S.C. § 1446(b).

Pursuant to § 1446(b), a defendant must file a notice of removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading," or, "if the case stated by the initial pleading is not removable, ... within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

## III. ANALYSIS

### 1. Original Petition

Defendant argues "the case was not removable on the face of Plaintiff's Original Petition" because it "alleged no specific dollar amount for damages." Def.'s Resp. ¶ 3. Defendant further contends that the Original Petition does not " 'affirmatively reveal[ ] on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.' " *Id.* at ¶ 6 (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992)). Plaintiff makes no argument regarding whether her Original Petition provided Defendant with notice that the case was removable.

"[T]he thirty day period in which a defendant must remove a case starts to run from the defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman,* 969 F.2d at 163. When a complaint fails to specify a numerical value of damages, courts examine the nature of the injuries and damages alleged therein in order to determine whether the amount in controversy exceeds the requisite jurisdictional amount. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999); *Simon v. Wal–Mart Stores, Inc.,* 193 F.3d 848, 851 (5th Cir.1999); *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir.2000).

In *Luckett,* the plaintiff's complaint alleged "damages for property, travel expenses, an emergency ambulance trip, a six day hospital stay [to treat congestive heart failure], pain and suffering, humiliation, and [a] temporary inability to do housework after the hospitalization." *Id.* at 298. The Fifth Circuit concluded, "[r]eading the face of the complaint, the district court did not err in finding that Luckett's claims exceeded $75,000." *Id.*

In *Simon,* the plaintiff's complaint "alleged, with little specificity, damages from ... an injured shoulder, bruises and abrasions ... and unidentified medical expenses." *Simon,* 193 F.3d at 851. The Fifth Circuit compared this complaint to the one at issue in *Luckett* and found that it was not "apparent [from the face of the complaint] that the amount of damages ... exceed[ed] $75,000." *Id.*

Finally, in *Gebbia,* the plaintiff's complaint stated that "she sustained injuries to her wrist, left knee and patella, and upper and lower back." *Gebbia,* 233 F.3d at 881. The complaint listed damages including

"medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." *Id.* at 883. As in *Luckett,* the Fifth Circuit found it "facially apparent" from the complaint that the amount in controversy exceeded $75,000. *Id.*

■ In Plaintiff's Original Petition, she identifies injuries to "right leg, left leg, buttocks, back" and alleged she has suffered "anxiety, pain, and illness." Pl.'s Org. Pet. ¶ 19. She seeks unspecified damages for past and future medical expenses and mental anguish, future pain and suffering, and reasonable attorneys' fees. *Id.* at ¶ 20. Plaintiff does not appear to have required extensive hospitalization for her injuries, as in *Luckett,* or sustained grievous injuries, as in *Gebbia.* The injuries described in the Original Petition are, like those alleged in *Simon,* unspecified and apparently less severe than those identified in *Luckett* and *Gebbia.* Furthermore, unlike *Gebbia,* Plaintiff does not seek damages for lost wages or a loss of earning capacity. Thus, the Court finds the Original Petition does not affirmatively reveal that the amount in controversy exceeds $75,000, and concludes that Defendant's receipt of the Original Petition did not trigger the thirty day removal period.

### 2. Notice After Initial Pleading

Defendant asserts that it timely initiated removal proceedings by filing its Notice of Removal less than thirty days after receiving Plaintiff's "Response to Defendant's First Request for Admission," which response Defendant asserts was "the first paper from which it could be ascertained that this case was removable." *Id.* at ¶ 7.

Plaintiff does not dispute denying Defendant's requested admission or that her written response provided notice that the case was removable. Rather, she argues Defendant could have more quickly ascertained that the amount in controversy exceeded $75,000 by "fil[ing] a motion to compel a response to [Defendant's] Request for Admissions which [Defendant] propounded on June 13, 2007. Instead, [Defendant] extended the deadline to answer the Request for Admissions until November 26, 2007." Pl.'s Reply ¶ 7. Plaintiff also faults Defendant for failing to "exhaust all its remedies in state court in order to have notice of the amount of controversy" because Defendant did not "file or have a hearing on special exceptions asking the state court to require the plaintiff to specify the maximum amount of damages claimed in her lawsuit." *Id.* at ¶ 8.

■ A case that is not removable on the face of the complaint becomes removable, and thus triggers the thirty day removal period, upon receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Discovery responses, including responses to requests for admissions, may constitute an "other paper" within the meaning of § 1446(b). *See, e.g., S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir.1996) (transcript of oral deposition triggered removal period); *Landry v. Cross Country Bank,* 431 F.Supp.2d 682, 686 (S.D.Tex.2003) (response to request for admission triggered removal period).

■ Defendant sent Plaintiff a request for admission asking Plaintiff to "admit that the damages claimed by Defendant in this controversy do not exceed $75,000, exclusive of interest and costs." Def.'s Resp. Ex B. Plaintiff responded in writing on November 20, 2007, by denying the requested admission. *Id.* at Ex. B. As a

result, Defendant had notice on November 20, 2007, that the case was removable, and timely filed its Notice of Removal less than thirty days later, on December 20, 2007.

■ Contrary to Plaintiff's assertion, Defendant was not obligated to undertake any efforts to determine whether the action was removable. *See Chapman,* 969 F.2d at 162–63 (holding that a removing defendant does not have an affirmative duty to ascertain whether a case is removable when removability is not apparent from the face of a complaint). Moreover, the Court fails to see how Defendant should be faulted for its willingness to extend the deadline by which Plaintiff had to respond to Defendant's request for admission. Therefore, the Court finds the thirty day removal period was not triggered until Defendant received Plaintiff's written response to its requests for admission, and Defendant timely filed its Notice of Removal less than thirty days after receiving her response.

## IV. CONCLUSION

Based on the foregoing analysis of facts and law, the Court concludes Defendant properly removed the cause to federal court.

Accordingly, **IT IS ORDERED** that Defendant's Wal–Mart Stores, Inc.'s response to the Order to Show Cause is **ACCEPTED** by the Court.