# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2010

No. 09-31134

Lyle W. Cayce
Clerk

RUTH CARTER; JAMES CARTER,

Plaintiffs-Appellants

v.

MATRIXX INITIATIVES, INC.; ZICAM, L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-cv-00216

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellents Ruth and James Carter (collectively, the "Carters" or "Carter") appeal the district court's grant of summary judgment dismissing their products liability and loss of consortium claims. We affirm.

## I. FACTS AND PROCEEDINGS

The facts of this case are undisputed. On February 23, 2007, Ruth Carter used Zicam No Drip Liquid Nasal Gel Cold Remedy and immediately experienced "immediate," "blind[ing]," and "excruciating" pain. The next day,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carter realized that she had lost her senses of smell and taste and, because of the continuing pain, did not report to work. She told her husband and her employees that she either had "a heck of an allergy" or "the Zicam" had burned her nasal passages. Her loss of sensory ability and pain continued until she saw her primary care physician on March 2, 2007. During the appointment she reported her suspicion that the Zicam was the cause of her discomfort; her physician did not confirm or deny this, except to note he was unaware that Zicam caused such problems, but he did suggest that Carter's injury may have been caused by her allergies. Carter's symptoms did not improve, so she was referred to a radiography center to image her nasal passages. During the imaging on May 7, 2007, Carter told a radiography technician about her suspicions regarding Zicam, to which the technician responded that she had received an e-mail communication warning "to be on the lookout for this problem with Zicam."

The Carters filed the instant suit on February 29, 2008 in the 21st Judicial District Court, Parish of Livingston, Louisiana, against Defendants-Appellees Matrixx Initiatives, Inc. and Zicam, L.L.C. (collectively, "Matrixx") alleging damages for various claims, including personal injury and loss of consortium resulting from Ruth Carter's use of the Zicam homeopathic nasal remedy. After the Carter's action was removed to federal district court on diversity grounds and all claims other than those allowed under the Louisiana Products Liability Act were dismissed, Matrixx filed a motion for summary judgment seeking dismissal of the Carters' remaining claims. Matrixx argued that because the action was filed six days after the expiration of Louisiana's one-year prescriptive period for products liability suits, it should be dismissed. The district court granted summary judgment on this ground, and the Carters timely appealed.

No. 09-31134

## II. ANALYSIS

We apply a de novo standard of review when determining whether a district court erred in granting summary judgment.[1]   Under Federal Rule of Civil Procedure 56(c)(2), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

The Louisiana Products Liability Act[2] "establishes the exclusive theories of liability for manufacturers for damage caused by their products."[3]  LA. CIV. CODE art. 3492 establishes a one-year prescriptive period for products liability claims:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.

By filing the complaint on February 29, 2008 – six days after the one-year anniversary of Ruth Carter's sustaining her initial injury – the Carters' suit falls outside of the prescriptive period.  The Carters nevertheless insist that the doctrine of *contra non valentem agere nulla currit praescriptio* applies.  Under that doctrine, "prescription does not commence running until the facts necessary to state a cause of action are known or reasonably knowable to the plaintiff."[4] "In such cases of [medical causation], even if a plaintiff is aware that an

---

[1] *LaBarge Pipe & Steel Co. v. First Bank*, 550 F.3d 442, 449 (5th Cir. 2008).

[2] LA. REV.STAT. § 9:2800.51 *et seq.*

[3] *Id.* at § 9:2800.52.

[4] *Sharkey v. Sterling Drug, Inc.*, 600 So. 2d 701, 713 (La. App. Ct. 1st Cir. 1992).

No. 09-31134

undesirable condition developed at some point in time after medical treatment, prescription does not run until the plaintiff has actual or constructive notice of the causal connection between the medical treatment and the subsequent condition."[5] "Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action."[6] Furthermore:

> prescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong. Prescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused that damage. On the other hand, a plaintiff will be responsible to seek out those whom he believes may be responsible for a specific injury. When prescription begins to run depends on the *reasonableness* of a plaintiff's action or inaction.[7]

When a plaintiff alleges the affirmative defense of *contra non valentem*, the defendant must show "that the plaintiff had actual or constructive notice of the tortious act, the resulting injury, and the causal connection between the two or that the plaintiff's lack of such knowledge was willful, negligent or unreasonable."[8]

It is apparent that Carter first sustained the injury that allegedly resulted from her use of Zicam on February 23, 2007 and that she had actual knowledge of pain and sensory loss on that same day. From the very outset, Carter suspected and attributed her injury to Zicam, and she never wavered in that belief. That she did not possess an affirmative and conclusive medical opinion supporting this belief on that day, or even a week later when she consulted her

---

[5] *Id.*

[6] *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993).

[7] *Jordan v. Employee Transfer Corp.*, 509 So. 2d 420, 423 (La. 1987) (emphasis added).

[8] *Sharkey*, 600 So. 2d at 713-14.

4

physician, is of no moment.  On February 24 at the latest, Carter indisputably had both the belief that Zicam was the cause of her injuries and a *reasonable* basis for seeking to hold the manufacturer responsible.  It is true that her doctor initially expressed ambivalence about whether it was the Zicam or Carter's allergies that were causing her injury and that she did not receive any kind of cause-and-effect corroboration from a third party until she heard about the technician's email on May 7.  It is not the rule in Louisiana, however, that the prescriptive period does not begin until conclusive, dispositive proof of a causal connection between the suspected injury and the putative tortfeasor is established. [9]  Rather, actual or constructive knowledge[10] of the "tortious act, the resulting injury, and the causal connection between the two"[11] is the benchmark for beginning the prescriptive period.  Carter experienced "excruciating" pain *immediately* after using Zicam on February 23, 2007, and evinced a firm, unwavering, and objectively reasonable belief no later than the next day, February 24, that Zicam was the cause of her suffering.  Therefore, the prescriptive period began running on February 23 (February 24 at the latest).  Thus, the Carters' filing was at least five days late.

The judgment of the district court is, in all respects, AFFIRMED.

---

[9] *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 299-300 (5th Cir. 1999) ("The commencement of prescription does not necessarily wait for the pronouncement of a victim's physician or of an expert.") (citing *Hunter v. Sisters of Charity of the Incarnate Word*, 236 So. 2d 565, 568 (La. App. 1st Cir. 1970)).

[10] *See id.*

[11] *Sharkey*, 600 So. 2d at 714.