**GENERAL ELECTRIC CAPITAL CORPORATION** and Customize Auto Credit Services, Inc., Plaintiffs,

v.

Annette **HAYMER**, Defendant.

No. CIV. A. 3:01–CV–108BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

July 26, 2001.

William H. Leech, Mark H. Tyson, McGlinchey Stafford, Jackson, MS, for plaintiffs.

Stephen L. Gowan, Boutwell & Gowan, PLLC, Hattiesburg, MS, for defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of the Plaintiffs to Compel Arbitration. The Court finds that there does not exist a basis for exercising subject matter jurisdiction over claims alleged in the complaint and, therefore, that the case should be dismissed.

### I. Factual Background and Procedural History

On or about August 8, 1998, the Defendant Annette Haymer ("Haymer") entered into a contract with East Ford, Inc. ("East Ford") for the purchase of a 1997 Ford Contour automobile. The purchase was financed by Plaintiff Customize Auto Credit Services, Inc. ("CACS") which was the designated assignee of the contract. *See* Motion of Plaintiff, Exhibit B. Haymer also signed an "Offer to Purchase or Lease Vehicle" which contained an arbitration agreement. *See Id.,* Exhibit A. The agreement provides:

> Any controversy or claim arising out of or relating to the transaction evidenced by this offer and any resulting agreements, and any related finance, lease, insurance or service agreement (the "Agreements"), or any breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The arbitration proceeding will be conducted in Jackson, Mississippi. The Arbitrator(s) will have no authority to award punitive damages or other damages not measured by the prevailing party's actual damages and may not, in any event, make any ruling, finding or award that does not conform to the terms and conditions of the Agreements. . . .

*Id.,* Exhibit A. The lender indicated on the "Offer to Purchase or Lease Vehicle" is CASC.

On October 24, 2000, Annette Haymer ("Haymer") filed a lawsuit in the Circuit

Court of Holmes County, Mississippi, against General Electric Capital Corporation ("GE"), CACS, East Ford, and John Does 1–10. The claims asserted in the state court complaint include, *inter alia*, violation of the Mississippi Motor Vehicle Sales Finance law, codified at Mississippi Code Annotated section 63–19–1 *et seq.* East Ford filed a notice of removal, in which GE and CACS joined, asserting that the complaint presented a federal question, specifically one arising under the Truth in Lending Act, codified at 15 U.S.C. § 1601 *et seq.*, and therefore federal subject matter jurisdiction was proper under 28 U.S.C. § 1331. The case was assigned to United States District Judge Tom S. Lee who, upon finding that the claims asserted in the complaint did not arise under federal law, granted Haymer's Motion to Remand. *See Haymer v. General Electric Capital Corp. et al.*, Civil Action No. 3:00–cv–941LN, slip op. (S.D.Miss. Feb. 1, 2001). Thereafter, on February 16, 2001, GE and CACS filed the subject lawsuit seeking to compel arbitration under the Federal Arbitration Act ("FAA"), codified at 9 U.S.C. 1 *et seq.*, pursuant to the arbitration agreement contained in the "Offer to Purchase or Lease Vehicle" entered between Haymer and East Ford. The Motion of the Plaintiffs to Compel Arbitration is currently before the Court.

## II. Standard/Analysis

■ It is well settled that the FAA does not create a basis for asserting federal subject matter jurisdiction over a cause of action seeking to compel arbitration in accordance with that act. *See e.g. Moses H.*

*Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (holding that 9 U.S.C. § 4 "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue."); *Snap–on Tools Corp. v. Mason*, 18 F.3d 1261, 1266 n. 6 (5th Cir.1994) (holding that "[a]lthough the Arbitration Act creates a body of substantive federal law governing arbitration agreements, it does not provide a basis for federal question jurisdiction."). Plaintiffs contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1]

■ The record shows that Plaintiff GE is a corporate citizen of the State of New York and has its principle place of business in the State of Connecticut. *See* Complaint, ¶ 1. Plaintiff CACS is a corporate citizen of the State of Delaware and has its principle place of business in the State of Illinois. *Id.* at ¶ 2. Defendant Haymer is a citizen of the State of Mississippi. Therefore, the Court finds that the complete diversity of citizenship requirement of 28 U.S.C. § 1332 has been satisfied. The diversity statute also requires that the amount in controversy exceed $75,000.00. *See* 28 U.S.C. § 1332. Plaintiffs allege that the amount in controversy exceeds $75,000.00, Defendant expressly denies this averment. *Compare* Complaint, ¶ 4 *with* Answer, ¶ 4.[2] Neither party addressed this issue in their respective

1. In their complaint, Plaintiffs also allege that the Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court finds, however, that the complaint does not present any question arising under federal law. Therefore, the Court lacks a basis for asserting jurisdiction pursuant to 28 U.S.C. § 1331.

2. Under Fifth Circuit precedent, "bare allegations of [jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

pleadings on the motion to compel arbitration.

■ The United States Court of Appeals for the Fifth Circuit has held that district courts, when considering whether the "amount in controversy" requirement has been satisfied in a motion to compel arbitration, "should look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in litigation which seeks as its goal a judgment affirming the award." *Webb v. Investacorp., Inc.*, 89 F.3d 252, 256 (5th Cir.1996) (quoting *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 512 (2d Cir.1957)). *See also Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1068 (3d Cir.1987). Therefore, "the amount in controversy in a motion to compel arbitration is the amount of the potential award in the underlying arbitration proceedings." *Webb*, 89 F.3d at 256.

■ Haymer, in her complaint, indicates that she seeks actual, compensatory, and punitive damages "in an amount to be determined by the trier of fact," the return of all finances charges, attorneys' fees and interest. *See* Motion to Compel Arbitration, Exhibit A (state court complaint). As Haymer does not expressly claim greater than $75,000.00 in her state court complaint, the Court must consider whether it is "facially apparent" from that complaint that the potential award in the underlying arbitration proceeding would exceed $75,000.00. *See e.g. Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880 (5th Cir.2000) (discussing, in a case involving review of a motion to remand, whether it was "facially apparent" from the original petition that the jurisdictional amount of $75,000.00 had been satisfied).

■ Counts I though VI of the Haymer's state law complaint are premised on allegations that the named Defendants: (1) breached various duties under Mississippi state law which require accurate disclosures of all finance charges associated with automobile purchases, and/or (2) charged rates of interest greater than the statutory maximum. Count VII alleges the wrongful repossession of the automobile purchased by Haymer valued at $11,148.95. Count VIII alleges a claim of intentional infliction of emotional distress based on the repossession of the automobile. The Court finds that it is not apparent, from the face of the complaint, that the amount of the potential award in the underlying arbitration proceedings would exceed the jurisdictional requirement.

First, the Court finds that it is unlikely that Haymer incurred finance charges and/or paid interest in an amount exceeding $75,000.00. Second, any actual damages from the alleged wrongful repossession of the automobile would likely not exceed its purchase price of approximately $11,000.00. Third, Plaintiffs have not submitted any extraneous material or documentation to establish that Haymer seeks to recover greater that the jurisdictional amount on her claim for intentional infliction of emotional distress. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998) (holding that in the event it is not facially apparent from the underlying complaint that the jurisdictional amount has been satisfied, the "court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."). Finally, although Haymer seeks punitive damages, the subject arbitration provision expressly provides that the arbitrators may not award punitive damages, therefore, the Court cannot consider such damages when determining the amount of the potential award in the underlying arbitration proceedings.

The Court finds that it is not facially apparent from Haymer's state court complaint that the potential award in the underlying arbitration proceeding sought by the Plaintiffs would exceed $75,000.00. Additionally, the Plaintiffs have not presented any evidence to show that the amount in controversy exceeds the amount required by the diversity statute. Accordingly, the Court finds that the requirements of 28 U.S.C. § 1332 have not been satisfied, that the Court lacks subject matter jurisdiction over the subject Petition to Compel Arbitration, and that that Petition should be dismissed.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the above referenced cause of action is hereby dismissed for lack of federal subject matter jurisdiction. An Order of Dismissal shall be entered this day.