**Cleveland NELSON, et al.,**

**v.**

**NATIONWIDE MUTUAL INS. CO., et al.**

**No. CIV. A. 00–2225.**

United States District Court, E.D. Louisiana.

Nov. 20, 2001.

Robert P. Charbonnet, Jr., Charbonnet Law Firm LLC, New Orleans, LA, for plaintiffs.

Jack Emile Chappuis, Jr., Law Offices of Raymond P. Augustin, Jr., Metairie, LA, for defendants.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court is Plaintiff's Motion to Remand the present action to the Civil District Court for the Parish of Orleans. For reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On April 3, 2000, Cleveland Nelson, Marshand Nelson, and Linda Burrel were passengers in a 1996 Chevrolet S–10 vehicle owned and operated by Tyrone Burrell. While proceeding west on Interstate 90 in New Orleans, the vehicle was involved in an accident with another automobile driven by Robert E. Smith that caused injuries to the Nelsons and the Burrells. They contend that Smith was negligent in failing to yield, obey traffic controls, properly change lanes, and generally operate his vehicle safely.

Cleveland Nelson and Linda Burrell, individually and on behalf of her minor child, Marshand Nelson, ("Nelsons") filed suit on June 29, 2000 in Civil District Court for the Parish of Orleans against Robert E. Smith, his alleged employer Bob Stephens, and his insurer, Nationwide Mutual Insurance Company ("the Nelson lawsuit"). Defendants subsequently removed the case to this Court on July 28, 2000. On August 17, 2000, the Nelsons amended their complaint to add claims of negligence against Tyrone Burrell.

In addition to the action brought by Cleveland Nelson and Linda Burrell, Tyrone Burrell filed suit against Robert E.

Smith, Bob Stephens, and Nationwide Mutual Insurance Company in the Civil District Court of the Parish of Orleans ("Burrell lawsuit"). This action was removed to this Court on August 17, 2000 and consolidated with the Nelson suit on August 29, 2000.

On November 22, 2000, the Nelson action was remanded to Civil District Court for lack of subject matter jurisdiction as the action lacked complete diversity of citizenship. Tyrone Burrell unsuccessfully sought remand of the Burrell suit based on a theory of judicial economy, arguing that since the Nelson action was remanded so should be his.

On September 19, 2001, Plaintiff Burrell again sought remand but this time on the grounds that the injuries sustained in this accident did not exceed the federal jurisdictional amount. Contained in the Motion to Remand filed on September 19, 2001 is a stipulation signed by counsel for Plaintiff that the amount in dispute is less than $75,000.00. Accordingly, Plaintiff contends that this Court lacks jurisdiction under the provisions of 28 U.S.C. §§ 1332 and the matter should be remanded to state court. The Defendants, however, argue that the Plaintiff's post-removal attempt to reduce damages below the jurisdiction minimum is unavailing.

## II. ANALYSIS

The Fifth Circuit Court of Appeals has established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, La.Code Civ. P. art. 893, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds

$75,000. *Id.* The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. *Id.*

The jurisdictional facts that support removal must be judged at the time of the removal. *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (2000). While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. *Id.* Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *Id.*

The Court must look first to the petition itself to determine whether it is "facially apparent" that the plaintiff's claim exceeds the jurisdictional amount of $75,000. In this case, Plaintiff's state court petition demands damages for past, present, and future mental anguish, medical expenses, pain and suffering, and future wage loss; loss of earning capacity; loss of enjoyment of life; property damage; and transportation expense. In addition, Plaintiff requests penalties and attorney fees according to La. R.S. 22:658(B)(4) based on Defendants' alleged failure to reimburse plaintiff for the property damage that he claims. However, the petition does not contain a description of the nature and the extent of the injury that plaintiff allegedly sustained. Thus, despite the detailed categorical descriptions of the damages sought, it is not "facially apparent" from the petition whether the jurisdictional amount is satisfied.

Because the requisite jurisdictional amount is not "facially apparent" in the Plaintiff's petition, the Court must now determine whether the Defendants have shown by a preponderance of the evidence, with "summary judgment like" proof, that the Plaintiff's claim exceeds $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). In its Notice of Removal, the Defendant has submitted no evidence that the claim exceeds the jurisdictional amount. However, in its Supplemental Memorandum in Opposition to Motion to Remand, Defendants offer the answers to interrogatories propounded on the plaintiff by the Defendants as evidence that the amount in controversy at the time of removal exceeded the jurisdictional amount. In particular, Defendants point to Plaintiff's response to Interrogatory Number 16:

*Interrogatory No. 16:*

Please state the dollar amounts you are claiming for:

a) Past medical expenses;

b) Future medical expenses, if any;

c) General damages—physical pain and suffering, mental anguish, etc;

d) Lost wages, if any; and

e) Future loss of earnings capacity, if any.

*Answer to Interrogatory No. 16:*

a) $4,258.00;

b) Approximately $25,000 for possible spinal surgery;

c) $250,000;

d) –0–; and

e) –0–.

█ Any evidence submitted after the complaint has been filed is allowable only if relevant to the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir.1995). In this case the answers to the Defendants' interrogatories are helpful in clarifying an ambiguous petition in that they are relevant to the amount in contro-versy at the time of removal. Accordingly, the Court determines that Defendants have proved by a preponderance of the evidence, with "summary judgment like" proof, that the Plaintiff's claim exceeds the jurisdictional amount.

Finally, the Court addresses the Plaintiff's post removal stipulation that his claim does not exceed the jurisdictional amount. As mentioned above, a plaintiff may not defeat removal by subsequently changing his damage request. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938). Such stipulations and affidavits may only be considered if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883.

In the present action, because the amount in controversy at the time of removal is ambiguous, the Court will consider the Plaintiff's stipulation. However, the Court finds that the Plaintiff's stipulation of damages is not effective to warrant remand because it constitutes an attempt to voluntarily reduce the amount in controversy below the jurisdictional limit. The Plaintiff's response to Interrogatory Number 16 provides adequate proof that the jurisdictional amount at the time of removal was satisfied.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Defendant has proven that it is more likely than not that the amount in controversy exceeds the jurisdictional amount required for removal. Accordingly, the Plaintiff's Motion to Remand is DENIED.