**AMERICAN GENERAL FINANCE, INC., Merit Life Insurance Company, Yosemite Insurance Company Plaintiffs**

v.

**Linda DAVIS Defendant**

**No. CIV.A.5:01 CV 378BRS.**

United States District Court, S.D. Mississippi, Western Division.

Sept. 22, 2003.

Lee Davis Thames, Emerson Barney Robinson, III, P. Ryan Beckett, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for plaintiffs.

David Lee Sullivan, Attorney at Law, Laurel, MS, Timothy L. Waycaster, Waycaster & Waycaster, LLP, Natchez, MS, Eddie J. Abdeen, Attorney, Jackson, MS, for defendant.

### MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This matter comes before the Court on the plaintiffs' reasserted Motion to Compel

Arbitration [**docket entry 18–1**] and the defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [**docket entry 19–1**]. Having reviewed the motions, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS

On December 20, 2000, Linda Davis, a resident of the State of Mississippi, and approximately 20 other individuals filed suit in the Circuit Court of Jefferson County, Mississippi, against American General Finance, Inc. ("AGFI"), several of its current and former employees, and other companies affiliated with AGFI, including Merit Life Insurance Company and Yosemite Insurance Company.[1] AGFI removed the case to this Court. On September 20, 2001, this Court granted Davis's Motion to Remand, finding no federal subject matter jurisdiction existed.

On December 18, 2001, AGFI along with Merit Life and Yosemite, all non-residents of Mississippi,[2] filed the instant suit seeking to compel arbitration between AGFI and Davis under the Federal Arbitration Act ("FAA").[3] On October 31, 2002, AGFI moved this Court to compel arbitration.

Shortly thereafter, Davis filed a Rule 12(b)(1) Motion to Dismiss, contending the Court lacks subject matter jurisdiction. An appended affidavit to the Motion to Dismiss, signed by Davis, states the following:

> The amount in controversy related to the claims I have asserted against the A.G. Parties in the State Court Litigation is less that [sic] $75,000.00. Further, I am not seeking *nor will I accept more than $74,000.00,* including actual and punitive damages and attorney's fees, for any claim I may have against the A.G. Parties, the Plaintiffs in this case and the individual defendants in the State Court Litigation, arising out of and/or related to any loan transaction I have entered into with American General Finance, Inc.

(Davis Aff. ¶ 3.) (Emphasis added.)

The parties are now embroiled in a dispute regarding the authority of this Court to compel arbitration. The wrangle centers around whether the Court has subject matter jurisdiction. AGFI contends that the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are satisfied. Disputing this contention, Davis argues that diversity jurisdiction is lacking because she expressly limited her damages to an amount less than the jurisdictional minimum.

### DISCUSSION

■ It is well-settled that the FAA does not create an independent basis for asserting federal jurisdiction. *American Heritage Life Insurance v. Lang,* 321 F.3d 533, 536 (5th Cir.2003). Thus, "there must be diversity of citizenship or some other independent basis for federal jurisdiction" before this Court can compel arbitration under the FAA. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

---

1. In the state court action, AGFI, Merit Life Insurance Company, and Yosemite Insurance Company are the defendants, and Davis is a plaintiff. The instant suit, which is a petition to compel arbitration, involves the same parties, but their roles are reversed. Here, the corporate entities (AGFI, Merit, and Yosemite) are the plaintiffs, and Davis is the defendant.

2. AGFI is a corporate citizen of Delaware and has its principal place of business in Indiana; Merit and Yosemite are citizens of Indiana.

3. The Federal Arbitration Act is codified at 9 U.S.C. §§ 1 *et seq.*

Under diversity jurisdiction, the district court has original jurisdiction over civil actions between "citizens of different States" and in an action where the amount in "controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).[4]

■ The party asserting diversity jurisdiction bears the burden of proving by a preponderance of the evidence that the claim exceeds the statutory amount. *Allen*, 63 F.3d at 1335. The Court may refer to the types of claims alleged by the plaintiff (in the state court action), as well as the nature of the damages sought. *Id.* at 1336.

### Diversity of Citizenship

AGFI and Davis both concede that complete diversity of citizenship exists. The record shows that AGFI is a corporate citizen of the State of Delaware and has its principal place of business in Indiana. Merit Life and Yosemite are citizens of Indiana. Defendant Davis is a citizen of the State of Mississippi. Therefore, the Court finds that the complete diversity of citizenship requirement of 28 U.S.C. § 1332 has been satisfied.

### Amount in Controversy

The diversity statute also requires that the amount in controversy exceed $75,000.00. AGFI alleges that "[i]t is facially apparent from Davis' state court complaint, especially when read in light of recent verdicts from other consumer finance and credit insurance cases, that Davis sought *well in excess* of $75,000.00 in her state court suit." (Pls.' Resp. in Opp'n to Def.'s Mot. to Dismiss at 2.) (Emphasis in original.) Davis expressly denies this allegation and submits an affidavit limiting her damages in the underlying state court suit to $74,000.00, an amount just below the jurisdictional minimum.

District courts, when considering whether the "amount in controversy" requirement has been met in a motion to compel arbitration, "should look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in litigation which seeks as its goal a judgment affirming the award." *Webb v. Investacorp., Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Therefore, "the amount in controversy in a motion to compel arbitration is the amount of the potential award in the underlying arbitration proceedings." *Id.* at 256.

Davis, in her original Complaint filed in state court, does not allege a specific amount of damages.[5] Her Complaint indicates that she seeks "compensatory damages in an amount to be proven at trial . . . plus punitive damages in an amount to be assessed by this Court." (Pls.' Mot. to Compel Arbitration, Exhibit B (state court complaint) at 56.) In addition, Davis seeks

---

4. In this Memorandum Opinion and Order, the Court addresses AGFI's Motion to Compel Arbitration. Neither party discussed the issue of diversity jurisdiction in their respective pleadings on the motion to compel. The jurisdictional issue is addressed, however, in Davis's Motion to Dismiss under Rule 12(b)(1) and in AGFI's response to that motion. Under either motion, the paramount issue is whether subject matter jurisdiction is established. Under a motion to compel arbitration, the plaintiffs have the burden to prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See*

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995). Similarly, a motion to dismiss under Rule 12(b)(1) calls the jurisdiction of the court into question, and the plaintiffs bear the burden of establishing that jurisdiction is proper. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277, 57 S.Ct. 197, 81 L.Ed. 183 (1936).

5. Davis's original loan was in the amount of $3,830.90, including premiums for various credit insurance products. Her total amount of payments on this loan, including interest, was $6,166.13.

the return of all finance charges and interest. *Id.* As Davis does not expressly claim more than $75,000.00 in her state court complaint, this Court must consider whether it is "facially apparent" from the Complaint that the potential award in the arbitration proceeding would exceed $75,000.00. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

The original state court complaint seeks damages for AGFI's alleged actual fraud and gross negligence. In her Complaint, Davis makes the following claims: breach of fiduciary duty; fraudulent misrepresentation; negligent misrepresentation; gross negligence; unconscionability; fraudulent concealment; estoppel and detrimental reliance; negligent, grossly negligent and wanton failure to monitor and train agents; violation of the Mississippi Unfair or Deceptive Acts and Practices Act; and deceptive advertising.

AGFI forcefully argues that it is apparent, from the face of the Complaint filed in state court, the amount of the potential award in the underlying arbitration proceeding would exceed the jurisdictional minimum of $75,000.00. Looking at the Complaint, AGFI's argument is initially quite coaxing. After all, this case involves a claim for punitive damages, and punitive damages awards against finance and insurance companies in Mississippi routinely exceed the jurisdictional amount. *See, e.g., Independent Life & Acc. Ins. Co. v. Peavy,* 528 So.2d 1112 (Miss.1988) (affirming jury award of $250,000 in punitive damages); *Andrew Jackson Life Ins. Co. v. Williams,* 566 S.2d 1172 (Miss.1990) (affirming jury award of $200,000 in punitive damages).

■ But this case is unique. Here, Davis has submitted an affidavit in which she expressly limits her damages to less than $75,000.00. Under Fifth Circuit precedent, this Court is permitted to consider Davis's affidavit. *See, e.g., St. Paul Rein-surance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998) (holding that in the event it is not facially apparent from the underlying complaint that the jurisdictional amount has been satisfied, the "court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."). As such, the Court finds that Davis is legally bound not to recover more than $74,000.00.

AGFI has not proven by a preponderance of the evidence that the amount in controversy in this action exceeds the jurisdictional minimum. Thus, this Court holds it does not have subject matter jurisdiction.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that even if it were facially apparent from Davis's Complaint that the potential award in the underlying arbitration proceeding would exceed $75,000.00, the defendant has expressly limited her recovery to less than the jurisdictional amount. Thus, the Court holds that the requirements of 28 U.S.C. § 1332 have not been satisfied, that the Court lacks subject matter jurisdiction over the instant Petition to Compel Arbitration, that the Motion to Compel Arbitration should be denied, and that the Petition should be dismissed with prejudice. Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' Motion to Compel Arbitration [**docket entry 18–1**] is **DENIED**.

IT IS FURTHER ORDERED that the plaintiffs' Cross–Motion to Strike Affidavit [**docket entry 21–2**] is **DENIED**.

IT IS FURTHER ORDERED that the plaintiffs' Petition to Compel Arbitration [**docket entry 1–1**] is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that the defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [**docket entry 19–1**] is **MOOT**.

IT IS FURTHER ORDERED that the defendant's Motion to Extend Time [**docket entry 19–2**] is **MOOT**.

IT IS FURTHER ORDERED that the defendant's Motion to Stay [**docket entry 19–3**] is **MOOT**.

A separate final judgment dismissing the plaintiffs' civil action with prejudice shall issue in accordance with Fed.R.Civ.P. 58.