Robert PORTER, et al., Plaintiffs,

v.

COMMERCIAL CREDIT CORPORATION, et al., Defendants.

Civ.A. No. 4:02CV498LN.

United States District Court, S.D. Mississippi, Eastern Division.

Aug. 19, 2004.

Charles E. Gibson, III, Attorney, Jarret P. Nichols, Mary Jeanne Gibson, The Gibson Law Firm, Jackson, MS, for Plaintiffs.

Suzette F. Breland, Young, Williams, Henderson & Fuselier, Jackson, MS, John R. Chiles, Reid S. Manley, Alan D. Leeth, Burr & Forman, LLP, Birmingham, AL, Walter D. Willson, Wells, Marble & Hurst, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on plaintiffs' motion to remand. Defendant American Bankers Insurance Company has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be denied.

This action was brought in the Circuit Court of Jasper County on October 22, 2002 by seven plaintiffs who complained of alleged "predatory lending practices" by First Family Financial Services, Inc., acting in concert and conspiracy with the remaining defendants, relating to certain loans obtained by plaintiffs. On December 5, 2002, defendants removed the case on the basis of diversity jurisdiction, contending that the non-diverse individual defendants had been fraudulently joined to defeat diversity. Following removal, plaintiffs filed a motion to remand, but while that motion was pending, the parties reached an agreement that the claims of certain of the plaintiffs which were governed by arbitration agreements would be submitted to arbitration and the claims of those plaintiffs dismissed, and that all plaintiffs would dismiss their claims against the non-diverse individual defendants with prejudice. The court thus entered an order on August 19, 2003, memorializing the parties' agreement, and reciting therein that since there was complete diversity between the parties and the amount in controversy was satisfied so that there was diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiffs' motion to remand was denied.

Nearly six months later, the remaining four plaintiffs filed the present motion to remand. Therein, they take the position that while there was a time when defendants could reasonably have contended that the amount in controversy exceeded the jurisdictional amount, i.e., when the number of plaintiffs in the case was greater, defendants no longer may reasonably make such an argument. Plaintiffs submit that "[i]n light of the reduction in the number of plaintiffs, ... the court now lacks subject matter jurisdiction over the remaining plaintiffs ... [because] the amount in controversy no longer satisfies the statutory requirement of $75,000," particularly in light of the stipulation by the remaining plaintiffs that they "will not ask the Court or the jury for an aggregate amount of recovery in excess of $75,000."

As is readily seen from their motion and accompanying briefs, plaintiffs do not argue in their present motion that the minimum amount in controversy was not satisfied at the time of removal;[1] rather,

---

1. It would be difficult, indeed, for them to make such an argument given that plaintiffs' counsel was involved in the submission of the prior order of dismissal, which he signed indicating his approval, and that order recited that the amount in controversy exceeded $75,000. While subject matter jurisdiction cannot be conferred simply by agreement of the parties, *see Buchner v. F.D.I.C.*, 981 F.2d 816, 818 (5th Cir.1993) ("Although parties

they argue only that since a number of plaintiffs have been dismissed from the case, the amount in controversy is *now* $75,000. The court need not consider whether or not plaintiffs' claims in this case in its current posture satisfy the minimum amount in controversy for federal diversity jurisdiction, for it is well established that jurisdiction is determined at the time of removal, *Reisman v. New Hampshire Fire Ins. Co.*, 312 F.2d 17, 19 (5th Cir.1963), so that if jurisdiction existed at the time of removal, events that occur subsequent to removal cannot divest the court of jurisdiction, *id.* ("In order to require a remand back to the state court for lack of jurisdiction, there must have been a lack of jurisdiction at the time of removal from the State to the Federal court."). Thus the Fifth Circuit observed in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000), that "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." In the court's opinion, given that the amount in controversy was satisfied at the time of removal, it matters not for purposes of assessing its jurisdiction that the remaining plaintiffs would now stipulate to an amount in controversy below $75,000. Jurisdiction was present when the case was removed, and hence is present now, and for that reason, plaintiffs' motion will be denied.

may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."), the court does view counsel's conduct in this regard as an admission that the facts supporting the exercise of jurisdiction, including the requisite amount in controversy, were present. Notable, too, is the fact that in their original motion to remand, plaintiffs' sole focus was on the existence of diversity of citizenship, and no contention was made that the amount in controversy was not met. Instead, in their motion to remand, plaintiffs stated only that "No diversity jurisdiction exists ... because all Plaintiffs and resident defendants share a common state of domicile." The court would note, though, that aside from that fact, and even without plaintiffs' subsequent admission via the agreed order of dismissal that the amount in controversy was satisfied, the court would have concluded on the record as to the status of the case when it was removed that the amount in controversy when the case was removed exceeded $75,000.