**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 30, 2009

No. 08-20783
Summary Calendar

Charles R. Fulbruge III
Clerk

HARVELLA JONES

Plaintiff-Appellant

v.

COMPASS BANCSHARES INC also known as, Compass Bank

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2712

Before GARZA, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Harvella Jones sued Defendant-Appellee Compass Bank in state court for slander and libel. Jones claimed that she was defamed when a Compass Bank employee filed a false report with the police after a dispute arose between her and the employee regarding overdraft charges on Jones's account. Jones's original complaint sought damages of $100,000. Compass Bank removed the case to federal court on the basis of diversity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction. Subsequently, Jones amended her complaint to allege damages below the $75,000 jurisdictional minimum. The district court later denied Jones's request to remand back to state court based upon the amended complaint and dismissed the action with prejudice. Jones timely appealed. For essentially the same reasons as the district court, we AFFIRM.

First, Jones asserts that the district court erred in failing to remand the case back to state court after she amended her complaint. "In the traditional removal context, a district court 'shall have original jurisdiction' over lawsuits . . . satisfying statutory diversity and amount in controversy requirements." *Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 809–10 (5th Cir. 2007) (citing 28 U.S.C. § 1332(a)). Thus, a district court has jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Jones and Compass Bank agree that they are citizens of different states, but Jones submits that, after she amended her complaint, her case no longer met the amount in controversy requirement. It is well established that the amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938)). Moreover, "[a]n amendment to the complaint limiting damages for jurisdictional purposes cannot divest [a federal court of] jurisdiction." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Accordingly, we hold that Jones's amended complaint did not strip the district court of subject matter jurisdiction over the suit. The district court properly denied remand to the state court.

Next, Jones asserts that the district court erroneously dismissed her case. The district court dismissed Jones's case pursuant to Federal Rule of Civil Procedure 12(c). We review a Rule 12(c) dismissal de novo, and "the

well-pleaded facts are viewed in the light most favorable to the plaintiff." *Turbomeca, S.A. v. Era Helicopters LLC*, 536 F.3d 351, 354 (5th Cir. 2008). Jones seeks relief for libel and slander, both of which are types of defamation. *Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.—Corpus Christi 2003, no pet. h.), *abrogated on other grounds by Ft. Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, — S.W.3d —, 2009 WL 1028047, at * 1 (Tex. Apr. 17, 2009). "An action for libel requires publication to a third party of written defamatory words about the plaintiff." *Id*. "Slander requires defamatory words about the plaintiff to be spoken, without legal excuse, to a third party." *Id*. Jones has not alleged that Compass Bank or any of its employees made a written publication that would subject it to an action for libel. Therefore, we will consider only whether she has sufficiently pleaded a case for slander.

"To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with . . . negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).[1] On appeal, Jones argues that the Compass Bank employee told "the police a malicious lie that [she] was screaming, using obscene words and causing a disturbance in the bank just to get them to come to the bank and arrest" her. The only evidence of the employee's statement is the police incident report, which simply states that Jones was "screaming and

---

[1] Jones asserts that she is a public figure. "Public officials and public figures must establish a higher degree of fault." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Because she is unable to make out a case even under the *lower* standard applied to private plaintiffs (negligence), we assume that she is a private plaintiff for the purposes of this appeal.

saying upsce," which we take to mean that Jones was screaming and using obscenities.[2]

"Whether the words used are reasonably capable of a defamatory meaning is a question of law." *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 654 n.1 (Tex. 1987). "The court construes the statement as a whole in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement." *Id.* at 655. "Only when the court determines the language is ambiguous or of doubtful import should the jury then determine the statement's meaning and the effect the statement's publication has on an ordinary reader." *Id.* Thus, a necessary question in this case is whether the statement at issue is capable of a defamatory meaning.

In a similar case, a Texas court found that a newspaper's statement that the plaintiff made an "obscene gesture with his arms" was not defamatory. *Palestine Herald-Press Co. v. Zimmer*, 257 S.W.3d 504, 510 (Tex. App.—Tyler 2008, no pet. h.) The court noted that "the word 'obscene' is, by its nature, an indefinite or ambiguous individual judgment that rests solely in the eye of the beholder or is otherwise a loose and figurative term." *Id.* at 511. Accordingly, the court held that such a vague statement of opinion was too subjective and indefinite to be defamatory. *Id.* at 512. We find that the statement that Jones

---

[2] The district court held that Jones failed to plead sufficient facts to overcome the qualified privilege afforded to statements made to law enforcement officers. "In cases of libel and slander, Texas has long recognized at least 'a qualified privilege' for 'the communication of alleged wrongful acts to an official authorized to protect the public from such acts.'" *Campbell v. City of San Antonio*, 43 F.3d 973, 980 (5th Cir. 1995) (quoting *Zarate v. Cortinas*, 553 S.W.2d 652, 655 (Tex. App.—Corpus Christi 1977, no writ)). "The privilege is founded on 'a strong public policy consideration,' it being 'vital to our system of criminal justice' that there be the ability 'to communicate to peace officers the alleged wrongful acts of others without fear of civil action for honest mistakes.'" *Id.* (quoting *Zarate*, 553 S.W.2d at 655). The plaintiff bears the burden of showing that the defendant acted in bad faith or with malice. *Vista Chevrolet, Inc. v. Barron*, 698 S.W.2d 435, 438 (Tex. App.—Corpus Christi 1985, no writ). Because we find that the words at issue are not defamatory as a matter of law, and thus that Jones has not pleaded an essential element of slander, we need not consider whether Jones has met her burden to overcome the qualified privilege.

was screaming and using obscenities is similarly vague and subjective, and therefore incapable of being defamatory.

Having failed to allege a defamatory statement, Jones has not pleaded an essential element of her claim. Accordingly, we AFFIRM the district court's ruling.

AFFIRMED.