**Major E. GRIFFIN**

v.

**GEORGIA GULF LAKE CHARLES, LLC.**

**Civil Action No. 07–1188.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Jan. 9, 2008.

John Lee Van Norman, III, Matthew D. Henrich, Alvin D. Hunt, Hunt Law Firm, Lake Charles, LA, for Major E. Griffin.

F. Charles Marionneaux, F. Barry Marionneaux, Marionneaux & Marionneaux, Plaquemine, LA, Luis A. Leitzelar, Jones Walker et al., Baton Rouge, LA, for Georgia Gulf Lake Charles, LLC.

## *ORDER*

DONALD E. WALTER, District Judge.

For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and after having thoroughly reviewed the record, including the written objections filed herein, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that Plaintiff's Motion to Remand be and is hereby **DENIED.**

## *REPORT AND RECOMMENDATION*

ALONZO P. WILSON, United States Magistrate Judge.

On June 15, 2007 Major E. Griffin ("Griffin") filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendants were Georgia Gulf Lake Charles L.L.C. ("Georgia Gulf"). Griffin alleges that he was injured by exposure to toxic chemicals released by Georgia Gulf when a cracking furnace they owned and operated failed and leaked ethylene dichloride. Griffin claims damages for respiratory illnesses, pulmonary disease, neurological deficits and gastrointestinal problems, "past and future emotional and physical pain and suffering, severe emotional distress, and loss of enjoyment of life … past medical, hospital, pharmacy and related expenses," as well as future medical expenses, and possible loss of earning capacity. Petition for Damages ¶ 6–7 [doc. # 1–2].

On July 17, 2007, Georgia Gulf removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332 & 1441, claiming complete diversity of citizenship and an amount in controversy greater than $75,000. Notice of Removal ¶ 4 [doc. # 1]. On August 16, 2007, Griffin filed the instant motion to remand claiming that the requisite threshold amount for the exercise of diversity jurisdiction is lacking, as he stated in his original petition for damages and its accompanying stipulation. Griffin filed a second affidavit with his Motion to Remand in which he "declares, avers, stipulates and confesses that his damages in the above captioned and numbered case are below $75,000 and that any award in their [sic] favor shall be limited to less than $75,000." Motion to Remand, Affidavit, Binding Stipulation and Confession of Judgment [doc. # 8–1].

The matter is now before the court.[1]

■ In cases removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. "The defendant

1. The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999) (citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.1999)).

 Once the defendant has shown that the jurisdictional minimum is in controversy, the burden falls on the plaintiff seeking to defeat diversity jurisdiction to establish to a "legal certainty" that his claims are actually for less than the jurisdictional amount. *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995), *cert. den.* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119(1995). Plaintiffs can do so either by showing that a state law prohibits recovery in excess of the jurisdictional amount, or by filing a binding stipulation or affidavit with the complaint prior to removal stating that they do not seek and will not accept any award in excess of $75,000, as in this way they can prove that it is legally certain that they cannot recover at least the jurisdictional amount. *See, e.g., Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). Such a stipulation will limit the amount in controversy in their case in an unambiguous manner. However, if the plaintiff does not so stipulate, and the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation to clarify the ambiguity by determining the amount that was in controversy as of the date of removal. *See Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000); *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993). When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. *Gebbia*, 233 F.3d at 883.

 In the instant case, the Plaintiff alleged in the body of his petition that his damages are insufficient for federal jurisdiction, and he swore in an accompanying verification that his claims are for less than $75,000 and therefore do not rise to the minimum either for a jury trial[2] or for federal jurisdiction.[3] The Plaintiff's allegation that his damages are insufficient to satisfy the amount in controversy for diversity jurisdiction is presumptively correct. *De Aguilar*, 47 F.3d at 1412. This presumption, however, can be rebutted by the defendant showing by a preponderance of the evidence that the amount in controversy is greater than $75,000.

Georgia Gulf alleges that it "reasonably believes . . . that the amount in controversy . . . exceeds the jurisdictional amount" because the "Plaintiff's allegations are nearly identical to the allegations which this Court concluded make it facially ap-

2. In Louisiana a party seeking a jury trial must show that there is $50,000 in controversy. La.Code Civ. Proc. Ann. art. 1732(2007).

3. "Petitioners aver that their damages do not exceed the jurisdictional amount necessary for a trial by jury and for federal court diversity jurisdiction. See attached and incorporated Affidavit stipulating as such." Petition for Damages ¶ 9 [doc. 1–2]. "Major E. Griffin . . . certif[ies] that all the foregoing allegations of fact set forth [in the petition] are true and correct to the best of his knowledge, information and belief, and that his damages in the above captioned matter are less than $75,000." Petition for Damages, Verification. *Id.*

parent that the amount in controversy requirement is satisfied in related litigation pending in this Court." Notice of Removal ¶ 8–9 [doc. # 1]. Furthermore, the Defendant argues that Griffin's verification is not legally binding, as it may be rescinded at any time prior to the trial, and that the statement in Griffin's complaint may similarly be withdrawn by amendment. Opposition Brief to Plaintiff's Motion to Remand [doc.# 15].

Griffin's complaint outlines the same allegations as to the cause of his injuries, and the same injuries, as did the plaintiffs' complaint in *Richard v. Georgia Gulf. Id.* at ¶¶ 9–13, 15. In *Richard,* the plaintiffs claim to have been injured by the release of toxic chemicals, and to have suffered respiratory illnesses, pulmonary disease, neurological deficits and gastrointestinal problems, resulting in past and future emotional and physical pain and suffering severe emotional distress, and loss of enjoyment of life. Their alleged damages include past and future medical and hospital expenses, and possibly, loss of earning capacity.

In the instant case, Georgia Gulf quotes Griffin's complaint and shows that he alleges that he has suffered respiratory illnesses, pulmonary disease, neurological deficits and gastrointestinal problems "with symptoms including but not limited to check [sic] congestion, eye irritation, sinus irritation and throat irritation," and shows that Griffin complains that he "has suffered past and future emotional and physical pain and suffering, severe emotional distress, loss of enjoyment of life . . . [and] has incurred past medical, hospital, pharmacy and related expenses and will continue to incur future medical expenses as recommended by his treating physician and may incur loss of earning capacity." *Id.* at ¶¶ 12–13.

■ As the claims in the instant case are all but identical to those of the *Richard* plaintiffs, I find that it is facially apparent from the petition that there is a sufficient amount in controversy to satisfy the jurisdictional requirement.

■ Once it is apparent that there is a sufficient amount in controversy for jurisdiction, the plaintiff can only defeat removal by establishing that it is legally certain that his claims are for less than $75,000. *De Aguilar,* 47 F.3d at 1411–12. "The general principle is that the plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n. 10. Because Louisiana plaintiffs are not limited to recovery of the damages listed in their pleadings, a plaintiff must make a judicial confession by affirmatively waiving the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. La. C.C. Art. 1853; La.Code Civ. Proc. art 862. *See, e.g., Onstott v. Allstate Insurance Co.,* 2006 WL 2710561, 2006 U.S. Dist. LEXIS 70498 (E.D.La.2006); *Engstrom v. L–J Communications Gov't Services, Inc.,* 2004 WL 2984329, 2004 U.S. Dist. LEXIS 25786 (2004); *Crosby v. Lassen Canyon Nursery, Inc.,* 2003 WL 22533617, 2003 U.S. Dist. LEXIS 20077 (E.D.La.2003).

■ In the instant case, Griffin's Petition and its accompanying Verification state that his claim is for less than $75,000, however, neither the statement in his Petition nor the sworn Verification accompanying it show that it is legally certain that he cannot recover more than $75,000, as he has not expressly waived any award over that sum. Griffin simply swears that "to the best of his knowledge, information and belief . . . his damages in the above captioned matter are less than $75,000." No mention is made of renouncing an award in excess of $75,000, nor does the Verification

guarantee that Griffin's recovery will be less than the minimum required for diversity.

■ Following those filings and the Defendants' removal based on diversity, Griffin filed a Motion to Remand, accompanied by a Stipulation, stating that any award in his favor will be limited to less than $75,000.[4] While this stipulation might have been sufficient to defeat jurisdiction had it been made timely in the Petition and its Verification, its submission after the removal will not defeat jurisdiction. The Fifth Circuit allows plaintiffs to clarify ambiguity in their petition with after-filed affidavits, however a timely but inadequate stipulation cannot be effectively revised, after removal, by such an affidavit. The Fifth Circuit has made it clear that "once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar v. Boeing*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S.Ct. 586, 82 L.Ed. 845 (1938)) ("[E]vents occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction.").[5]

Accordingly, I find that the Defendant has met its burden of proving a sufficient amount in controversy, and we may properly exercise jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 8] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED–TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

---

4. Motion to Remand, Affidavit, Binding Stipulation and Confession of Judgment [doc. # 8–1].

5. The plaintiffs in the *Richard* cases filed no stipulations with their petitions, however they filed post-removal affidavits purporting to stipulate that their damages do not exceed $50,000. We held that these stipulations did not show that it was legally certain the Plain-tiffs would recover no more than $75,000, and that they were filed too late to rebut the presumption of jurisdiction. Despite the greater detail offered in Griffin's post-removal Stipulation, the result is the same as it was in *Richard*—the after-removal filed affidavit do not defeat jurisdiction. *De Aguilar v. Boeing*, 47 F.3d 1404, 1411 (5th Cir.1995).