MARCIA A. CRONE, UNITED STATES DISTRICT JUDGE
*716 Pending before the court is Plaintiff Robert P. Theriot's ("Theriot") Motion to Abstain and to Remand (# 5), wherein Theriot requests the court remand this action back to state court. Having considered the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is unwarranted.
I. Background
At some point prior to January 31, 2016, Theriot underwent surgery on his foot. Due to this surgery, he required the use of a wheelchair. On January 31, 2016, Theriot fell out of his wheelchair, injuring his wound from the previous surgery. Thus, on February 1, 2016, he underwent a second surgery to repair and reattach a skin flap from the first surgery. A few days later, Theriot's home-health nurse noticed that the site had started to dehisce. Eventually, on February 12, 2016, Theriot required an above-the-knee amputation due to the infection of the wound.
At the time of his amputation, Theriot owned a group accident insurance policy issued by Defendant Transamerica Life Insurance Company ("Transamerica"), which provided benefits for accidental death and dismemberment. After his amputation, Theriot contacted Transamerica and made a claim under this policy for the loss of his leg. Transamerica denied the claim.
On January 18, 2017, Theriot filed suit in the 163rd Judicial District Court of Orange County, Texas, asserting claims arising out of Transamerica's denial of coverage. Specifically, Theriot contends that Transamerica knowingly engaged in false, misleading, deceptive, and unconscionable acts, practices, or omissions actionable under the Texas Deceptive Trade Practices Act ("DTPA") and Chapter 541 of the Texas Insurance Code (the "Insurance Code") as well as unfair claim settlement practices and misrepresentation of an insurance policy as prohibited by the Insurance Code. Additionally, Theriot asserts claims for common law fraud, negligence, negligent hiring, negligent supervision, negligent management, and breach of contract. As relief, Theriot requests actual damages in the form of payment of insurance proceeds of $40,000.00, along with statutory damages for violation of the Insurance Code, damages for mental anguish, exemplary damages, and all costs and attorney's fees.
Transamerica removed the action to this court on February 22, 2017, on the basis of diversity of citizenship. Subsequently, on March 28, 2017, Theriot filed a motion to remand, contending that Transamerica's removal was improper. Significantly, Theriot does not dispute that diversity of citizenship exists among the parties. Rather, the salient issue is whether the amount in controversy requirement has been met. Additionally, Theriot requests the court to order sanctions against Transamerica, including the reasonable costs and attorney's fees associated with Transamerica's removal and Theriot's motion to remand.
II. Analysis
A. Removal Jurisdiction
"Federal courts are courts of limited jurisdiction." Gunn v. Minton , 568 U.S. 251, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am. , 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ); accord *717 Hotze v. Burwell , 784 F.3d 984, 999 (5th Cir. 2015), cert. denied , --- U.S. ----, 136 S.Ct. 1165, 194 L.Ed.2d 240 (2016) ; Scarlott v. Nissan N. Am., Inc. , 771 F.3d 883, 887 (5th Cir. 2014). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen , 511 U.S. at 377, 114 S.Ct. 1673 (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co. , 243 F.3d 912, 916 (5th Cir.), cert. denied , 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001) (citing Kokkonen , 511 U.S. at 377, 114 S.Ct. 1673 ); accord Hertz Corp. v. Friend , 559 U.S. 77, 96, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010) ; Clayton v. ConocoPhillips Co. , 722 F.3d 279, 290 (5th Cir. 2013), cert. denied , 571 U.S. 1156, 134 S.Ct. 906, 187 L.Ed.2d 833 (2014). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c) ; Carlsbad Tech., Inc. v. HIF Bio, Inc. , 556 U.S. 635, 638, 129 S.Ct. 1862, 173 L.Ed.2d 843 (2009) ; Grupo Dataflux v. Atlas Global Grp., L.P. , 541 U.S. 567, 571, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) ; Spear Mktg., Inc. v. BancorpSouth Bank , 791 F.3d 586, 592 (5th Cir. 2015) ; African Methodist Episcopal Church v. Lucien , 756 F.3d 788, 793 (5th Cir. 2014).
When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Barker v. Hercules Offshore Inc. , 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co. , 276 F.3d 720, 723 (5th Cir. 2002) ); accord African Methodist Episcopal Church , 756 F.3d at 793 ; Mumfrey v. CVS Pharmacy, Inc. , 719 F.3d 392, 397 (5th Cir. 2013) ; see 13E CHARLES A. WRIGHT & ARTHUR R. MILLER , FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2013). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." Roth v. Kiewit Offshore Servs., Ltd. , 625 F.Supp.2d 376, 382 (S.D. Tex. 2008) (quoting Albonetti v. GAF Corp. Chem. Grp. , 520 F.Supp. 825, 827 (S.D. Tex. 1981) ); accord Fort Worth & W. R.R. Co. v. Stevenson , No. 3:15-CV-0906-B, 2015 WL 3867906, at *1 (N.D. Tex. June 22, 2015) ; Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co. , 467 F.Supp.2d 705, 708 (S.D. Tex. 2006). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams , 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a) ); see Mumfrey , 719 F.3d at 397.
"The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." Frank v. Bear Stearns & Co. , 128 F.3d 919, 922 (5th Cir. 1997) ; see 28 U.S.C. § 1441(a) ; Camsoft Data Sys., Inc. v. S. Elec. Supply, Inc. , 756 F.3d 327, 333 (5th Cir. 2014) ; Barker , 713 F.3d at 228. Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. Shamrock Oil & Gas Corp. v. Sheets , 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) ; African Methodist Episcopal Church , 756 F.3d at 793 ; Barker , 713 F.3d at 212. In short, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." Vantage Drilling Co. v. Hsin-Chi Su , 741 F.3d 535, 537 (5th Cir. 2014) (quoting Acuna v. Brown & Root Inc. , 200 F.3d 335, 339 (5th Cir.), cert. denied , *718 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000) ); accord African Methodist Episcopal Church , 756 F.3d at 793 ; Barker , 713 F.3d at 212.
B. Diversity Jurisdiction
Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332 ; Arbaugh v. Y&H Corp. , 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ; Lincoln Prop. Co. v. Roche , 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ; Exxon Mobil Corp. v. Allapattah Servs., Inc. , 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) ; Energy Mgmt. Servs., LLC v. City of Alexandria , 739 F.3d 255, 258-59 (5th Cir. 2014). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. Standard Fire Ins. Co. v. Knowles , 568 U.S. 588, 133 S.Ct. 1345, 1349, 185 L.Ed.2d 439 (2013) ; Wis. Dep't of Corr. v. Schacht , 524 U.S. 381, 391, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) ; Campbell v. Stone Ins., Inc. , 509 F.3d 665, 669 n.2 (5th Cir. 2007) ; McGowin v. ManPower Int'l, Inc. , 363 F.3d 556, 558 n.1 (5th Cir. 2004). In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332 ; Lincoln Prop. Co. , 546 U.S. at 89, 126 S.Ct. 606 ; Exxon Mobil Corp. , 545 U.S. at 552, 125 S.Ct. 2611 ; Caterpillar Inc. v. Lewis , 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).
The state court petition is usually consulted to determine the amount in controversy, and the sum claimed by the plaintiff controls if the claim is apparently made in good faith. Dart Cherokee Basin Operating Co., LLC v. Owens , --- U.S. ----, 135 S.Ct. 547, 553, 190 L.Ed.2d 495 (2014) ; Danial v. Daniels , 162 F. App'x 288, 290 (5th Cir.) (citing St. Paul Mercury Indem. Co. v. Red Cab Co. , 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ), cert. denied , 549 U.S. 820, 127 S.Ct. 123, 166 L.Ed.2d 35 (2006) ; Manguno , 276 F.3d at 723 (citing St. Paul Reinsurance Co. v. Greenberg , 134 F.3d 1250, 1253 (5th Cir. 1998) ). Texas law requires plaintiffs to plead for damages that fall within certain ranges. TEX. R. CIV. P. 47 ; Mumfrey , 719 F.3d at 398 & n.9 (noting that prior to March 1, 2013, Texas law prohibited plaintiffs from pleading for a specific amount of damages). The lowest range of damages that can be pleaded is "monetary relief of $100,000 or less." TEX. R. CIV. P. 47(c)(1).[1]
In situations such as this one, where the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Felton v. Greyhound Lines, Inc. , 324 F.3d 771, 773 (5th Cir. 2003) ; Manguno , 276 F.3d at 723 ; Gebbia v. Wal-Mart Stores, Inc. , 233 F.3d 880, 882 (5th Cir. 2000). The removing party can satisfy that burden (1) by showing that "it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) [by setting forth] 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." Manguno , 276 F.3d at 723 (citing *719 Simon v. Wal-Mart Stores, Inc. , 193 F.3d 848, 850 (5th Cir. 1999) ); accord Robertson v. Exxon Mobil Corp. , 814 F.3d 236, 240 (5th Cir. 2015) ; Garcia v. Koch Oil Co. of Tex. Inc. , 351 F.3d 636, 639 (5th Cir. 2003) ; Grant v. Chevron Phillips Chem. Co. L.P. , 309 F.3d 864, 868 (5th Cir. 2002), cert. denied , 538 U.S. 945, 123 S.Ct. 1634, 155 L.Ed.2d 486 (2003).
If a defendant satisfies its burden, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount...." St. Paul Mercury Indem. Co. , 303 U.S. at 289, 58 S.Ct. 586 ; see Ditcharo v. United Parcel Serv., Inc. , 376 F. App'x 432, 437 (5th Cir. 2010) ; Grant , 309 F.3d at 869 ; Manguno , 276 F.3d at 724. "In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [$75,000.00], they can be removed unless the plaintiff can show he is legally bound to accept less." Vielma v. ACC Holding, Inc. , No. EP-12-CV-501, 2013 WL 3367494, at *5 (W.D. Tex. April 16, 2013) (quoting Allen v. R & H Oil & Gas Co. , 63 F.3d 1326, 1335 (5th Cir. 1995) ); accord Ervin v. Sprint Commc'ns Co. LP , 364 F. App'x 114, 117 (5th Cir. 2010). The plaintiff "may establish this by identifying a statute, or by filing a binding stipulation, that so limits [his] recovery." Manguno , 276 F.3d at 724 (citing De Aguilar v. Boeing Co. ("De Aguilar II") , 47 F.3d 1404, 1412 (5th Cir.), cert. denied , 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995) ); accord Griffin v. Georgia Gulf Lake Charles, LLC , 562 F.Supp.2d 775, 778 (W.D.La. 2008). The United States Court of Appeals for the Fifth Circuit has "emphasized that 'this is not a burden-shifting exercise'; rather, the 'plaintiff must make all information known at the time he files the complaint.' " Grant , 309 F.3d at 869 (quoting De Aguilar II , 47 F.3d at 1412 ).
Generally, penalties, statutory damages, punitive damages, and attorney's fees are included in the amount in controversy. Greenberg , 134 F.3d at 1253. Specifically, attorney's fees are included in the amount in controversy when assessing the jurisdictional amount if they are provided for by contract or state statute. Grant , 309 F.3d at 869 ; Manguno , 276 F.3d at 723 ; Greenberg , 134 F.3d at 1253 ; Lawson v. Parker Hannifin Corp. , No. 4:13-cv-923, 2014 WL 1158880, at *2-3 (N.D. Tex. Mar. 20, 2014), aff'd , 614 F. App'x 725 (5th Cir. 2015) ; Watson v. Provident Life & Acc. Ins. Co. , No. 3:08-CV-2065, 2009 WL 1437823, at *6 (N.D. Tex. May 22, 2009). Texas law authorizes an award of "reasonable attorneys' fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8) ; see Navigant Consulting, Inc. v. Wilkinson , 508 F.3d 277, 298 (5th Cir. 2007) ; Fluorine On Call, Ltd. v. Fluorogas Ltd. , 380 F.3d 849, 866 (5th Cir. 2004) ; In re Nalle Plastics Family Ltd. P'ship. , 406 S.W.3d 168, 172 (Tex. 2013). Indeed, an award of reasonable attorney's fees is mandatory under § 38.001 if the plaintiff recovers damages for a breach of contract claim. Crisalli v. ARX Holding Corp. , 177 F. App'x 417, 421 (5th Cir. 2006) ; Coffel v. Stryker Corp. , 284 F.3d 625, 640 (5th Cir. 2002). Attorney's fees are also available under § 541 of the Insurance Code and the DTPA. Because Theriot has asserted claims for breach of contract and violations of the DTPA and the Insurance Code, attorney's fees are recoverable in this case if he prevails and, therefore, must be included in the amount in controversy.
Similarly, exemplary damages allowed by state statute are encompassed in the amount in controversy.
*720 U.S. Fire Ins. Co. v. Villegas , 242 F.3d 279, 283 (5th Cir. 2001) ; Greenberg , 134 F.3d at 1253 ; Bates v. Laminack , 938 F.Supp.2d 649, 655 (S.D. Tex. 2013). Under Texas law, "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." TEX. CIV. PRAC. & REM. CODE § 41.003. Here, Theriot has asserted that his harm resulted from fraud. Moreover, he has requested exemplary damages for Transamerica's allegedly knowing, willful, and intentional conduct against him. Accordingly, exemplary damages must also be included in the amount in controversy.
Further, prevailing on a DTPA or Insurance Code statutory cause of action would enable Theriot to collect treble damages if the defendant acted knowingly or intentionally, as Theriot alleges. See TEX. BUS. & COM. CODE ANN. § 17.50(b)(1). An award of treble damages under the DTPA or Insurance Code is considered part of the amount in controversy. Hartford Ins. Grp. v. Lou-Con, Inc. , 293 F.3d 908, 912 (5th Cir. 2002) ; Greco v. Jones , 992 F.Supp.2d 693, 700 (N.D. Tex. 2014) ; Premium Plastics v. Seattle Specialty Ins. Servs., Inc. , No. H-10-3960, 2011 WL 11199, at *3 (S.D. Tex. Jan. 3, 2011). Thus, trebling the actual damages allegedly sustained would result in an award in excess of the jurisdictional minimum, without regard to additional monies Theriot could collect for economic losses, mental anguish, exemplary damages, and attorney's fees. See Manguno , 276 F.3d at 724 ; Fredrichs v. Time Ins. Co. , No. 4:07-CV-12, 2007 WL 1624310, at *3 (E.D. Tex. June 1, 2007). In this instance, a trebling of actual damages under either statute (3 x $40,000.00=$120,000.00) places Theriot's claims over the $75,000.00 threshold, without regard to any additional monies he could collect.[2] Therefore, when these sums are combined, it is apparent that the amount in controversy in this action far exceeds $75,000.00.
Nevertheless, Theriot maintains that his recovery will be well under $75,000.00. Because the jurisdictional amount is determined at the time of removal, the plaintiff cannot normally avoid federal jurisdiction by later stipulating to an amount of damages below the jurisdictional minimum. St. Paul Mercury Indem. Co. , 303 U.S. at 292, 58 S.Ct. 586 ; Gebbia , 233 F.3d at 883 ; Greenberg , 134 F.3d at 1253-54 ; Allen , 63 F.3d at 1335 ; De Aguilar II , 47 F.3d at 1412 ; Cavallini v. State Farm Mut. Auto Ins. Co. , 44 F.3d 256, 264-65 (5th Cir. 1995) ; De Aguilar v. Boeing Co. ("De Aguilar I" ), 11 F.3d 55, 57 n.3 (5th Cir. 1993). As the Supreme Court of the United States noted in St. Paul Mercury Indem. Co. , "though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." 303 U.S. at 292, 58 S.Ct. 586. Furthermore, in Texas, where state law does not prohibit an award of damages in excess of the amount sought in a state court petition, " '[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant.' " De Aguilar II , 47 F.3d at 1412 (quoting In re Shell Oil Co. , 970 F.2d 355, 356 (7th Cir. 1992) ); see Gebbia , 233 F.3d at 883 ; Allen , 63 F.3d at 1335.
There is, however, a limited exception to this requirement. See *721 Marcel v. Pool Co. , 5 F.3d 81, 85 (5th Cir. 1993) (citing Asociacion Nacional De Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica , 988 F.2d 559, 565 (5th Cir. 1993), cert. denied , 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), abrogated on other grounds by Marathon Oil Co. v. Ruhrgas, A.G. , 145 F.3d 211, 215 (5th Cir. 1998) ). In ANPAC , the court held that if the following circumstances were present, a defendant would be deemed not to have met its burden of proving the amount in controversy by a preponderance of the evidence: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [$75,000.00]; (2) the defendant[ ] offered only a conclusory statement in [its] notice of removal that was not based on direct knowledge about the plaintiff['s] claims; and (3) the plaintiff[ ] timely contested removal with a sworn, unrebutted affidavit indicating that the amount in controversy was not present." ANPAC , 988 F.2d at 566. Later decisions have interpreted ANPAC narrowly and applied it only when all three circumstances above are present. See Gebbia , 233 F.3d at 883 ; Elizondo v. Pilgrim's Group, Inc. , No. 96-40281, 1996 WL 625327, at *3 (5th Cir. Oct. 1, 1996) ; Gutierrez v. Swift Transp. Co. , No. EP-10-CV-406-KC, 2011 WL 318294, at *5 (W.D. Tex. Jan. 28, 2011) ; Evans & Clesi v. Hartford Ins. Co. of the Se. , No. 06-2145, 2006 WL 1999201, at *2 (E.D. La. July 17, 2006).
In his motion to remand, in an apparent attempt to avoid federal jurisdiction, Theriot contends that the amount in controversy does not exceed $75,000.00. Instead, Theriot states that the $40,000.00 policy could be "reduced to one half the principal amount for the type of loss that was sustained ..., bringing the disputed amount down to $20,000.00." Further, due to Theriot's age, this amount could allegedly be further reduced to $10,000.00. These assertions are belied, however, by the relief sought in his original petition. Because these statements were asserted after removal, they would be relevant only if the circumstances described in ANPAC were present. See 988 F.2d at 566 ; Elizondo , 1996 WL 625327, at *3 ; Evans & Clesi , 2006 WL 1999201, at *2.
None of the three circumstances mentioned in ANPAC , however, are present in this case. First, although Theriot's petition did not specify an amount of damages, it is facially apparent that the amount in controversy exceeds the statutory minimum. Second, Transamerica's assertions regarding the amount in controversy in its notice of removal are not entirely conclusory. See ANPAC , 988 F.2d at 566 ; see also Elizondo , 1996 WL 625327, at *4 ; Sterns v. Scottsdale Ins. Co. , No. 09-6449, 2010 WL 2733771, at *4 (E.D. La. July 8, 2010). Finally, Theriot's assertions regarding his recovery were made in his motion to remand, not in a sworn affidavit. To be effective, a stipulation of damages must state not only that a plaintiff is seeking damages below the jurisdictional amount; it must also waive the plaintiff's right to recover a judgment that exceeds that amount. Compare Scott v. Haggerty , No. 12-1882, 2012 WL 4370874, at *3 (E.D. La. Sept. 24, 2012) (citing De Aguilar II , 47 F.3d at 1412 ) (denying remand where plaintiff's stipulation did not "explicitly bind Plaintiff to recover less than $75,000 or explicitly waive his right to recover above that amount") with Brown v. Wal-Mart Stores, LLC , No. C-10-259, 2010 WL 3501731, at *3 (S.D. Tex. Sept. 2, 2010) (granting remand where stipulation stated that plaintiff could not obtain a judgment in excess of $75,000.00). Thus, the court finds that Theriot's attempt at limiting his recovery does not compel remand.
*722 It is apparent from the original petition that the amount in controversy can reasonably be construed to exceed $75,000.00 and that there is complete diversity between the parties. Further, Theriot has not shown to a "legal certainty" that the amount in controversy is below the jurisdictional minimum. Therefore, in view of the nature of Theriot's multiple claims, the myriad damages sought, and the court's familiarity with the amount of attorney's fees generally charged in the area for this type of litigation, the court concludes that Theriot's claims can reasonably be construed to exceed $75,000.00 and, hence, are adequate to support federal jurisdiction. Under these circumstances, Theriot's action shall remain in this federal forum.
C. Sanctions
Under the federal removal statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Nonetheless, even when the case is remanded, the Fifth Circuit has made it clear that "[t]here is no automatic entitlement to an award of attorney's fees." Valdes v. Wal-Mart Stores, Inc. , 199 F.3d 290, 292 (5th Cir. 2000). Rather, such fees awards are discretionary and generally are proper only where "the removing party lacks an objectively reasonable basis for removal." Howard v. St. Germain , 599 F.3d 455, 457 (5th Cir. 2010) ; accord Hornbuckle v. State Farm Lloyds , 385 F.3d 538, 541 (5th Cir. 2004). In the case at bar, Theriot contends that he is entitled to "reasonable expenses incurred by [him] in preparing and presenting this motion, including reasonable attorney's fees ... [and] all costs, expenses and reasonable attorney's fees incurred by [him] as a result of the removal action." He does not, however, cite any law in support of his proposition. In fact, the removal statute makes it clear that such an award is discretionary and warranted only where the removal was frivolous. 28 U.S.C. § 1447(c). As stated above, remand is not proper in this case; thus, the requested sanctions are likewise inappropriate.
III. Conclusion
An evaluation of the relevant facts and controlling law reveals that this court has subject matter jurisdiction over this action. Although no federal question is presented, complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00. Therefore, this case was properly removed, and remand is not warranted. Accordingly, Theriot's Motion to Remand is DENIED. Furthermore, because Theriot's motion to remand is unwarranted, his request for sanctions against Transamerica is likewise DENIED.

In his original state court petition, Theriot pleaded damages in the statutory range of "$100,000 or less." Transamerica maintains that this makes the action removable. That argument is without merit, however, as this is the lowest range available under state law.

Because Theriot specifically pleaded that he was entitled to recover $40,000.00 under the insurance policy, the court must consider that amount rather than his post-removal allegations that the actual recovery would be reduced to $20,000.00 or $10,000.00.